Willard Joseph CAVE, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 11013.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 3, 1979.

John E. Kelly, Springfield, for movant-appellant.

John D. Ashcroft, Atty. Gen., Brenda Farr Engel, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Appellant appeals from an order of the Circuit Court of Greene County, Missouri, denying his motion under 27.26, V.A.M.R. to vacate, set aside, or correct his convictions of burglary and stealing. Appellant, on December 1, 1977, entered pleas of guilty to burglary in the second degree and to stealing in conjunction with the burglary. On January 4, 1978, appellant was sentenced to three years in the custody of the Division of Corrections on each count, with the sentences to run concurrently.

Our review is limited to a determination of whether the findings, conclusion and judgment of the trial court are clearly erroneous. Rule 27.26(j), V.A.M.R. Only when we are left with a firm conviction that a mistake has been committed are such findings clearly erroneous. *Bradley v. State*, 564 S.W.2d 940, 943 (Mo.App.1978).

■ Appellant's first point is that he did not receive adequate assistance of counsel before his plea of guilty. Once a guilty plea has been entered, the determination of the adequacy of representation is limited to its bearing on the voluntariness and understanding of the plea and its consequences. *Giles v. State*, 562 S.W.2d 106, 111 (Mo.App. 1977); *Haliburton v. State*, 546 S.W.2d 771, 773 (Mo.App.1977). Appellant contends that due to inadequate discussion with his attorney, and his attorney's improper preparation, he had no choice but to plead guilty. He claims that he did not learn of the trial setting until three days before the trial date. At that time no witnesses had been subpoenaed for his defense. The attorney testified that he conferred at least six times in person with appellant and also discussed the matter several times with him by telephone. What would be an adequate time to confer would vary with each case

and no particular minimum is required. *Haliburton v. State*, supra, 546 S.W.2d at 773. The attorney also testified he investigated the charges, determined that the witnesses suggested by appellant would not help, and could be of harm at the trial.

■ According to the attorney's testimony, after several previous conferences, they met on November 16, 1977. After discussing the facts of the case, including the possibility that appellant's former girl friend might testify against him, appellant agreed to plead guilty. They also discussed the range of punishment. Appellant acknowledged that his attorney advised him of the range of punishment and that he was aware of the possibility that he might receive more than two years. At this discussion, the attorney said appellant told him he was guilty and did not want to go to trial. The attorney then talked to the prosecuting attorney's office and was told that the prosecutor would recommend a sentence of two years on each charge, to run concurrently, and would oppose probation. Appellant and his attorney discussed the prosecution's recommendation on November 30th. Appellant was unhappy about the opposition to probation and wanted a guarantee that he would receive probation. When his attorney told him that because of his prior felony record, it was doubtful that he could receive probation, but that a request would be made for a presentence investigation report, appellant agreed to go ahead with the guilty plea.

On December 1, 1977, appellant and his attorney appeared in court to withdraw the pleas of not guilty and enter a plea of guilty on both charges. Appellant was not inexperienced in criminal procedure. He has an extensive record of arrests and convictions. He was described by his previous attorney as intelligent. Apparently, at least a part of his problems stems from excessive use of alcohol. He was fifty years old at the time of the plea, had a high school education, and said he was not under

the influence of any medication, alcoholic beverage or drug. He further stated that he was satisfied with his attorney's services and had received all the time he needed to discuss the case with him. He had no complaints regarding his attorney. Appellant acknowledged that he was aware of the range of punishment and that the prosecutor's recommendations would not be binding on the court. He stated that no one had told him he would be placed on probation or parole and he was pleading guilty because he was guilty to both charges.

Appellant contends that he had no choice but to plead guilty because counsel was not prepared for trial and that there was not sufficient time to prepare when he first learned of the trial setting. There was no evidence to indicate that three days would be inadequate to prepare his defense or what, if any, defense he actually had. Appellant cites and relies on a dissent to a denial of certiorari in *Martinez v. Mancusi*, 409 U.S. 959, 93 S.Ct. 273, 34 L.Ed.2d 228 (1972). The situation there was not similar to the present facts. There a request for a one day continuance, on the day of the trial, was denied, after an apparent misunderstanding of a plea bargaining agreement. Faced with proceeding to trial immediately, with unprepared counsel, the defendant pled guilty.

In the present case there was ample evidence that counsel investigated the matter, met numerous times with appellant, and properly advised him. The trial court's finding that inadequacy of counsel was not shown is supported by the evidence. This point is ruled against appellant.

■ Appellant next argues that his sentence should be vacated because the probation officer failed to make inquiry of his home situation and his relatives, and this rendered the presentence report so incomplete as to deprive him of due process of law. Appellant contends that the presentence report presented unfavorable information and omitted favorable matters. His motion alleges that the presentence investigation "made no or little attempt to secure information from relatives, friends, or business associates to determine the possibility of a home and job opportunity". There was no evidence what such an inquiry would have disclosed. The probation and parole officer stated that no investigation of the "home situation" was made because of appellant's age. If he was granted probation, he would be allowed to reside with his parents or alone. There was no evidence of any untruths in the presentence investigation report, and absent such, there would be no basis for any error. *Griffith v. State*, 504 S.W.2d 324, 330 (Mo.App.1974). Additionally, the judge gave appellant an opportunity to make any comments regarding the report. Before sentencing, appellant stated: "I don't think the pre-sentence was complete". The court then allowed appellant and his attorney time to examine the report further and tell the court what was improper, and the judge said he would consider it. During the recess appellant and his attorney went over the report "very thoroughly", the attorney testified. Then his attorney announced that appellant advised that the only part of the report with which he disagreed was a portion of a paragraph discussing alcoholism treatment. There followed a discussion between counsel, appellant, and appellant's father, regarding appellant's problems with alcohol and his treatment. No other error in the report was mentioned. The evidence did not show any improper investigation or any prejudice to appellant regarding the presentence investigation report. The second point is ruled against appellant.

■ Appellant's third and final point is that his conviction should be vacated because of his belief that he would receive no more than a two-year sentence and that this, coupled with inadequate assistance of counsel, made his guilty plea involuntary. Before accepting his plea, the trial court told appellant that the court was not bound by the prosecutor's recommendation and

might not follow it. Appellant acknowledged to the court that he understood this. Appellant also acknowledged that he understood that the court had the right to impose a sentence of up to ten years on burglary and up to five years on stealing. At the hearing on his motion to vacate, appellant testified he knew there was a possibility that he might receive more than two years and not get probation. Neither the prosecutor nor the court breached any agreement regarding sentencing. The court extensively advised appellant and made inquiry of him regarding the matter before he accepted the guilty plea. The disappointed hope of a lesser sentence does not make a guilty plea involuntary. *McMahon v. State*, 569 S.W.2d 753, 758 (Mo. banc 1978). The evidence and appellant's own admission show that he knew he might receive more than a two-year sentence. This point is ruled against appellant.

The findings and rulings of the trial court are supported by the evidence and are not clearly erroneous.

The judgment is affirmed.

All concur.