STATE of Missouri, Plaintiff-Respondent,

v.

Cecil HANKINS, a/k/a Ronnie Lee Hankins, Defendant-Appellant.

No. 11191.

Missouri Court of Appeals, Southern District, Division Four.

March 11, 1980.

Motion for Rehearing to Transfer Denied April 3, 1980.

Application to Transfer Denied May 1, 1980.

John D. Ashcroft, Atty. Gen., Kathleen Mills, Steven Garrett, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

J. Miles Sweeney, Johnson & Sweeney, Springfield, for defendant-appellant.

Before FLANIGAN, P. J., and BILLINGS, MAUS, GREENE and PREWITT, JJ.

PREWITT, Judge.

Defendant was charged with the statutory rape of a 12 year old girl. § 559.260, RSMo 1969. He waived trial by jury and was convicted by the trial court and sentenced to ten years imprisonment.

On March 12, 1978, at approximately 11:00 p. m., two special agents employed by the St. Louis-San Francisco Railway Company were on patrol in the railroad's yards. They saw what appeared to be an unoccupied automobile parked on railroad property. As the agents approached the vehicle, they saw defendant and a girl sit up in the car. Both were on the passenger side at that time, but defendant immediately slid over to the driver's side. The agents observed defendant pulling up his jeans and zipping and buttoning them. The girl was seen pulling up her pants from around her knees. The special agents were commissioned as "railroad police" under the provisions of §§ 388.600–388.660, RSMo Supp. 1971. After reading defendant his "*Miranda* rights", an agent testified that defendant made the following statements with regard to the girl:

"He stated that he had done it and that I asked him if he'd ever done it before, and he stated that he had one time before. And I asked him when, and he stated that it was last month sometime and that he wasn't the first guy, that she'd had a little baby when she was eleven." (Tr. 49).

When first questioned, defendant said the girl was 17 and then later told the agents she was 15. After the statements attributed to defendant, one of the agents said defendant was told that they "ought to stomp your ass". Defendant claims this was said before he was read the rights or said anything. Defendant was placed under arrest for trespassing and Springfield police officers were called. The Springfield officers took custody of defendant and took the girl to be examined by a physician. The physician testified that he found sperm externally and in her vagina. The sperm was alive and could live up to 48 hours. The physician said his findings were consistent with the girl having intercourse within the last 48 hours. Both defendant and the girl denied at trial that they ever had intercourse with the other.

Defendant has five points of alleged error: (1) that the court erred in admitting alleged admissions of defendant as they were not voluntary but coerced because of threatening remarks by the railway agents; (2) that the statements were inadmissible because they were taken pursuant to an illegal arrest beyond the scope of the authority of the railroad agents and that the illegal arrest tainted the voluntariness of the statements and defendant's waiver of rights; (3) that the statements should not have been admitted because the corpus delicti had not been proven; (4) that there was insufficient evidence to prove defendant guilty beyond a reasonable doubt because (a) there was no direct evidence that defendant had intercourse with the girl; (b) that she testified that they did not have intercourse; (c) that her testimony was believable and her contradictory statements had been given after threats to her; and (d)

that even if there was evidence that she had intercourse within the last 48 hours, the court was not justified in drawing the conclusion that it was with defendant; and (5) the trial court erred in failing to grant a new trial on the basis of the girl's affidavit which constituted newly discovered evidence.

We first consider point one. The trial judge found that the comments as to what the railroad agents thought they "ought" to do were made after the admissions of defendant. If so, they would not have affected his statements. Also, a statement that one "ought" to do something does not mean that they intend to do it and the inference could be drawn that while they would like to do it, they were not going to. Defendant testified that the agents' comments were made before he was read the *Miranda* rights and made any statement, while the agents said they were made after. Credibility of the witnesses was for the trial court to determine. *State v. Frazier*, 587 S.W.2d 368, 370 (Mo.App. 1979). Where evidence is conflicting, the admissibility of a statement is in the discretion of the trial court. *State v. James*, 562 S.W.2d 185, 187 (Mo.App.1978). Point one is denied.

Defendant's second point contends that his arrest was illegal and that the statements he made after the arrest were thus inadmissible. Railroad police, while engaged in the pursuit of their authorized purposes, are granted "all law enforcement powers which county and city police officers have", except for civil process and search warrants. § 388.625, RSMo Supp.1971. The power of arrest is not excluded and §§ 388.620 and 388.630 both refer to arrest procedure by railroad police.

In order to protect their property and the public, railroads often employ private watchmen or policemen and so that those persons can effectively perform their duties, it is a common practice in this country for them to be given authority to arrest greater than that of a private individual. *Frank v. Wabash Railroad Company*, 295

S.W.2d 16, 19 (Mo.1956). Under the statutory sections railroad police have the power of arrest at least for certain violations. Defendant contends that his arrest for trespassing was a subterfuge as the railroad police actually arrested him for an offense outside their authority, statutory rape. The agents admitted that normally if they found a couple of the age of consent parked they would not arrest them but have them leave. It is not here questioned that a trespass had occurred, and that the "railroad police" could arrest for such offense. Trespass may be committed without malicious entry or damage to property. *State v. Phillips*, 508 S.W.2d 240, 242 (Mo.App.1974). If there was probable cause for the arrest, the subjective opinions or the thoughts of the officers are not material. *State v. Abbott*, 571 S.W.2d 809, 815 (Mo.App.1978). Nor do we believe the fact that others might not be arrested makes the arrest illegal. That does not make defendant's violation any less real. Whether the agents could have arrested defendant for statutory rape on railroad property we do not decide as they did not arrest him for that. The arrest of defendant was legal. Point two is denied.

Defendant's third point claims that the state had not sufficiently proved the corpus delicti for defendant's statements to the arresting officers to have been admitted. The live sperm in the girl's vagina was evidence that she recently had intercourse. The trial court so found. At her age, this established that a crime had been committed. Once evidence other than the defendant's confession shows that a crime was committed by someone, then defendant's confession is admissible. *State v. Hardy*, 365 Mo. 107, 276 S.W.2d 90, 93 (banc 1955); *State v. Miller*, 593 S.W.2d 895 (Mo. App.1980). Establishment of the identity of the defendant as the guilty party is not required before a confession is admitted in evidence. *State v. Miller*, supra. Even if a crime was not conclusively shown by the presence of the sperm, full proof of the corpus delicti, apart from the admissions, is not required. If the evidence shows corroborating circumstances which tend to prove

the corpus delicti and correspond with circumstances related in the confession, both the circumstances and the confession are considered in determining whether the corpus delicti is proven. *State v. Garrett*, 595 S.W.2d 422 (Mo.App.1980). The circumstances under which the parties were found, the live sperm, and defendant's statements were certainly sufficient to prove the corpus delicti. Point three is denied.

Point four contends that the evidence was insufficient to prove the charge. To determine if the charge was proven, we view the evidence and proper inferences therefrom in the light most favorable to the state. *State v. Buffington*, 588 S.W.2d 512, 514 (Mo.App.1979). The circumstances indicated that defendant and the girl might have had sexual intercourse just before the railroad police approached. The prone position and the location of their clothing would so indicate. The excuse that they had gotten out of the car to urinate seems suspicious. This was not mentioned to the agents. It would not be normal for defendant to wait until he is in the car before pulling up and fastening his pants. His jeans were equipped with a zipper and no reason is shown why he lowered his pants to urinate. Defendant contends that his statements did not conclusively admit intercourse and that he was never asked nor said anything about sexual intercourse. The conversation was based on such terms as whether defendant "had done it". The meaning was clear or at least it appeared clear to defendant as he immediately said that he wasn't the first guy and that she had already had a baby. Under these circumstances the conversation was clearly about sexual intercourse, and defendant's statements were an admission that they had intercourse. There was sufficient evidence that it was not necessary that the girl testify to the intercourse. Prior to the trial she said they did have intercourse that evening. She claimed these statements were given because of threats to take her baby. The threats were denied. The court found her trial testimony "incredible and unworthy of belief". Her credibility was for the trier of fact.

Defendant contends that the state's case is circumstantial and is not "inconsistent with any reasonable hypothesis of his innocence". While the circumstances must be such as are inconsistent with defendant's innocence, it is not necessary that they be absolutely conclusive of guilt, and the evidence need not demonstrate an absolute impossibility of innocence. *State v. Major*, 564 S.W.2d 79, 81 (Mo.App.1978). There was evidence that pointed to a crime having been committed. The only question was whether or not defendant committed it. The circumstances indicate defendant had the opportunity to have been the one and we view his statements as having admitted intercourse with the girl. Once evidence other than the defendant's confession shows that the crime was committed by someone, then the defendant's confession is admissible and if believed, completes the case. *State v. Hardy*, supra, 276 S.W.2d at 93; *State v. Saussele*, 265 S.W.2d 290, 297–298 (Mo. banc 1954). We believe the evidence sufficient to find defendant guilty beyond a reasonable doubt. Point four is denied.

For point five, defendant contends that the court should have granted a new trial on the basis of an affidavit by the girl which defendant claims constituted newly discovered evidence. In her affidavit she stated that she had intercourse that afternoon with defendant's fifteen year old brother. It is not shown why she did not testify to this at the time of trial. The affidavit claims she didn't go to court and tell this information on the day that defendant's motion for new trial was scheduled for hearing because of threats by an employee of Family Services that if she told this, there was a good chance that her baby would be taken from her custody and that she would be put in the juvenile home. This does not explain why she did not tell it when she testified at the trial. At that time she denied that she and defendant had sexual intercourse. She did not state and was not asked if she had intercourse with anyone else within 48 hours. She testified that similar threats had been made before

she testified at the trial. No reason appears why the threats would have been of any more concern to her if, after denying intercourse with defendant, she had testified at the trial who she had intercourse with. The trial court correctly found that this was not newly discovered evidence as the witness was on the stand and was available to answer this question but was not asked. The granting of a new trial on the ground of newly discovered evidence is within the sound discretion of the trial court. *State v. Cole*, 547 S.W.2d 494, 497 (Mo.App.1977). The trial judge did not believe this witness at trial and apparently did not believe her affidavit. This additional testimony would then make no difference in the outcome of the trial. To obtain a new trial on the basis of newly discovered evidence, the defendant must show that the newly discovered evidence would probably produce a different result on a new trial. *State v. Pinkus*, 550 S.W.2d 829, 838 (Mo. App.1977). Point five is denied.

The judgment is affirmed.

All concur.