**Tommie Lee COVINGTON,**
**Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 11374.**

Missouri Court of Appeals,
Southern District,
Division One.

May 19, 1980.

Motion for Rehearing and for Transfer
Denied June 10, 1980.

Application to Transfer Denied
July 15, 1980.

Blair Buckley, Jr., Caruthersville, for movant-appellant.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

This is a proceeding for post-conviction relief under Rule 27.26, V.A.M.R. Appellant was charged with first degree murder and convicted of second degree murder. That conviction was affirmed in *State v. Covington*, 559 S.W.2d 78 (Mo.App.1977). Appellant then filed a motion to set aside his conviction and vacate the sentence. The judge who presided at the previous trial was disqualified and testified at the hearing on appellant's motion. Following the hearing, the trial court denied the motion.

Appellant presents three points of alleged error in denying his motion: (1) Because in his trial on the murder charge, the trial court acted improperly "in additionally instructing the jury concerning parole eligibility criteria"; (2) "because the preponderance of the evidence, when considered as a whole, shows that appellant had ineffective assistance of counsel" at that trial; and (3) that exclusion of women from jury duty at that trial resulted in defendant being denied "due process of law and a fair and impartial jury of his peers".

Our review is limited to determining if the findings and conclusions of the trial court are clearly erroneous. *Cave v. State*, 585 S.W.2d 149, 150 (Mo.App.1979). Only when we are left with a firm conviction that a mistake has been committed are such findings clearly erroneous. Id. Appellant had the burden of establishing his grounds by a preponderance of the evidence. Rule 27.26(f), V.A.M.R.

We first consider appellant's point one. At the trial, the jury deliberated thirty-four minutes and when they returned to the courtroom, the following occurred:

"Foreman: Your Honor, one question we got is, on the sentence, if the man is found guilty, when is he subject for parole or when can he come up for parole?

The Court: That is a question, but this won't help you a whole lot—but that is a question that frequently is asked by many jurors, and if you all find him guilty and assess his punishment at so many months or so many years, and if I overrule his Motion for New Trial, I for-

mally sentence him to and after that I loose jurisdiction. He is up to the decision of the Board of Probation and Parole. We have no control over that. If they want to let them out or keep them the full length of time, it's up to them. Of course, as far as that goes, the conduct of the defendant at the Department of Corrections, and other items enter into it, and so, I cannot answer that.

Foreman: There is no set time or set years then, like a third or a fourth?

The Court: There is nothing definite except you—you can't rely on this where they have the Nine-Twelfths Rule where the defendant automatically is entitled to three months good time out of every year, but like I say, that's just a regulation and can be changed, and that depends on the good time of the defendants. In other words, it depends on his conduct. So, I just can't help you on that question. It is up to the Board of Probation and Parole, the Warden and the Director of the Division of Corrections. I know that doesn't help you. Do you have any other questions?

Foreman: Yes. On this Count II, the third one here, the defendant did not do so in anger, fear or agitation suddenly provoked by the unexpected acts or conduct of Robert Thompson.

The Court: Now, on that, I cannot comment on that or explain that any further. Those instructions mean what they say. I have read them to you. You will just have to take it from there. I can't elaborate and give you any more information on that. You will have to use the words as they take their ordinary meaning and decide what they mean.

Foreman: Is there any difference in the sentence if the Number 2 charge or the Manslaughter Charge, in the event he would get a parole sooner?

The Court: To my knowledge, and your question would be, suppose you would give him ten years for Manslaughter, would he get out any quicker than he would for Murder Second, and to my knowledge, I don't think so, but I cannot assure you of that. As far as I know, that is not considered.

Foreman: Thank you. (Jury retires)"

 The jury returned a verdict one hour later, finding appellant guilty of murder in the second degree and setting punishment at fifteen years. No objection was made to any of the court's comments at the time they occurred nor was any question about them raised in the motion for new trial or on appeal. The trial judge, hearing appellant's motion, found that if they were error, these comments were "trial error". Rule 27.26(b)3 provides that "Mere trial errors are to be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal." It is sometimes difficult to distinguish "mere trial errors" from "trial errors affecting constitutional rights"; both may involve the same general field of law. *Cole v. State*, 573 S.W.2d 397, 399 (Mo.App.1978). The magnitude of the error may be the factor which controls. Id. The comments complained of were not of such magnitude as to affect appellant's constitutional rights. We also believe that an issue which could have been raised on appeal, even though a constitutional claim, should only be allowed in a post-conviction motion in rare and exceptional circumstances when required by fundamental fairness. See *McCrary v. State*, 529 S.W.2d 467, 472 (Mo.App.1975). This is not one of those circumstances. Because of their indefinite nature, the court's responses could not have prejudiced appellant. The jurors knew that the defendant might be "subject for parole" or "come up for parole". The judge gave them little, if any, further information. Common courtesy required some response to the questions. *State v. Duisen*, 428 S.W.2d 169, 177 (Mo. banc 1967), cert.den. 390 U.S. 962, 88 S.Ct. 1063, 19 L.Ed.2d 1159 (1968). Point one is denied.

 We now consider appellant's second point. He contends that at his trial on the criminal charge "the preponderance of the evidence, when considered as a whole, shows that appellant had ineffective

assistance of counsel". As his point does not set forth specifically in what manner counsel was ineffective, we doubt if it preserves anything for our review. See *Riley v. State*, 545 S.W.2d 711, 712 (Mo.App.1976). Nevertheless, our examination of the record on this appeal, and on the appeal from the murder charge, convinces us that this point has no merit. The burden upon appellant to show ineffective assistance of counsel is a heavy one. *Cole v. State*, supra, 573 S.W.2d at 401. This burden is not met unless it is clearly demonstrated that the acts of counsel went beyond errors of judgment or trial strategy and became of such character as to result in substantial deprivation of appellant's right to a fair trial. Id. That is not shown here. Appellant had a fair trial. Point two is denied.

Appellant's third point claims that women were systematically excluded from the jury panel at his trial on the criminal charge. This question was not raised in that case. Appellant contends that he should now be allowed to raise this point, because he previously had relied on his trial counsel who ineffectively assisted him by failing to raise this question. Appellant was tried before *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), but after *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). It would appear that appellant cannot now question the makeup of the jury as no motion to quash the jury panel was filed. *State v. Williamson*, 584 S.W.2d 628, 630 (Mo.App. 1979). Also see *State v. Phillips*, 596 S.W.2d 752 (Mo.App.1980), and *State v. Mountjoy*, 585 S.W.2d 98, 102 (Mo.App. 1979).

In *Lee v. Missouri*, 439 U.S. 461, 462, 99 S.Ct. 710, 711, 58 L.Ed.2d 736 (1979), the United States Supreme Court stated that a claim based on exclusion of women from the jury is unavailable where it was not timely asserted "unless the petitioner can show cause for having failed to raise his claim properly in the state courts. See *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594". In *Wainwright*, a footnote refers to *Henry v. Mississippi*, 379 U.S. 443, 451, 85 S.Ct. 564, 569, 13 L.Ed.2d 408 (1965), stating that decisions of counsel relating to trial strategy, even when made without consultation with the defendant, can bar direct federal review of a question except when "the circumstances are exceptional". 433 U.S. at 91, 97 S.Ct. at 2508. We do not think there are exceptional circumstances here to cause us to vacate the conviction, nor that a ruling in favor of appellant is required by fundamental fairness. See *McCrary v. State*, supra, 529 S.W.2d at 472. Whether it was feasible or practical to question the makeup of the jury could have been a part of the trial strategy. Appellant or his counsel may have felt that a male dominated jury was more favorable to appellant. Trial strategy is not an adequate basis for an attack on the competency of counsel. *Aikens v. State*, 549 S.W.2d 117, 121 (Mo.App.1977). The claim of ineffectiveness of counsel, which we do not think is supported by the record, is not sufficient excuse to now allow the jury panel to be questioned. Point three is denied.

The judgment is affirmed.

All concur.