**Delbert Ray SUMPTER, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 11580.**

Missouri Court of Appeals, Southern District, Division One.

June 9, 1980.

Motion for Rehearing and for Transfer Denied June 27, 1980.

Armand Brodeur, Salem, for movant-appellant.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Appellant appeals from a denial of his motion for post-conviction relief under Rule 27.26, V.A.M.R. Appellant was charged with forgery and entered a plea of guilty. Imposition of sentence was suspended and he was placed on probation for two years. Fourteen months after his plea, the trial court determined that he violated the conditions of his probation and sentenced him to seven years imprisonment.

Appellant contends that he is entitled to have his conviction and sentence vacated because his plea of guilty was not voluntary. He says he entered the plea because he received a recommendation from the prosecutor of probation and he did not want to risk a trial and a penitentiary sentence even though he had "the foundation of a successful defense". He contends that he was "coerced" into entering the plea by the actions of his attorney, the sheriff, a deputy sheriff, and the prosecuting attorney and by the conditions of his confinement in jail. He claims that he thought that if he violated his probation, he would be sentenced to a term of not over two years and that at the time he decided to enter the plea he understood that the range of punishment for forgery was imprisonment of from two to five years.

Appellant has the burden of establishing his grounds by a preponderance of the evidence. Rule 27.26(f), V.A.M.R. Our review is limited to determining if the find-

ings and conclusions of the trial court are clearly erroneous. *Cave v. State,* 585 S.W.2d 149, 150 (Mo.App.1979).

Appellant was 24 years of age at the time he entered his plea and had a tenth grade education. The record made at that time reveals that appellant denied that any threats or promises were made to induce him to plead guilty or that he had been mistreated in connection with the offense. He had been free on bond for nine days at the time he entered his plea. The record refutes his contention that he did not understand that he could be sentenced up to ten years if he violated his probation. When the plea was made and probation granted, the judge informed him "if the court finds that you have violated the terms and conditions of probation, then we will impose sentence on you anywhere within the range of punishment up to ten years". Appellant said he understood. The recommendation upon which appellant relied before making his plea of guilty was followed. The record indicates that there was substantial evidence of appellant's guilt.

The trial court did not have to believe appellant's claim of not understanding that he could be sentenced to more than two years and his assertion that he thought that five years was the maximum penalty for the offense. These contentions are not consistent with the record of his plea. Even had appellant's testimony been undisputed, it was for the trial judge to determine if it was true, and the judge may disbelieve it even when uncontradicted. *Trimble v. State,* 588 S.W.2d 168, 170 (Mo.App.1979).

The findings of the trial court are clearly erroneous only when we are left with a firm conviction that a mistake has been committed. *Bradley v. State,* 564 S.W.2d 940, 943 (Mo.App.1978). We find no such mistake here, as the court's findings, conclusions and judgment were supported by the evidence.

The judgment is affirmed.

All concur.