Russell VINCENT, Appellant,

v.

STATE of Missouri, Respondent.

No. 42431.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 14, 1980.

Erica Leisenring, Asst. Public Defender, 22nd Jud. Circuit, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Steven W. Garrett, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

Movant was convicted of manslaughter and his conviction affirmed in *State v. Vincent*, 582 S.W.2d 723 (Mo.App.1979). He filed a Rule 27.26 motion for post conviction relief alleging ineffective assistance of counsel based on his trial counsel's failure to investigate a witness to the crime. After hearing, the trial court denied the motion on the ground that movant had failed to demonstrate any prejudice by reason of his counsel's failure to search for and find the particular witness. We affirm.

Movant was charged with the second degree murder of Charles Wynn after an altercation in a St. Louis tavern. The evidence was that movant shot Wynn, inflicting a mortal wound. His defense was self—defense–that Wynn had threatened him with a knife. Defendant's three defense witnesses testified that they had seen a knife in Wynn's hand at some time during the scuffling, although no knife was found after the shooting. Though instructed on self—defense, as well as second degree murder and manslaughter, the jury convicted movant of manslaughter.

Movant has the burden of proving his ground for relief by a preponderance of the evidence. Rule 27.26(f), Mo.R.Crim.P. Our review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. *Sumpter v. State*, 601 S.W.2d 630 (Mo. App.1980).

Movant contends ineffective assistance of counsel by reason of his trial attorney's

failure to interview a friend of the victim, Terry Griffin, who had witnessed the entire incident. At the hearing on the motion, movant's wife testified that Griffin had told her that he had seen the victim "plunge" at movant with the knife; that after the shooting, Griffin had removed the knife from the victim's hand.

Movant's trial attorney, who has had substantial criminal trial experience, did not recall movant's supplying Griffin's name to him, although his notes reflect the names of all other witnesses which movant had supplied. The trial attorney acknowledged seeing Terry "Griffith's" (Griffin) name on a supplemental police report but purposely did not investigate him as the name had been furnished by the victim's girl friend, and it was assumed that he would not be a favorable witness.

At the 27.26 hearing on November 9, 1979, the only evidence as to what Griffin would have testified to were the unsubstantiated, self–serving hearsay statements of movant and his wife. Griffin did not appear, as he was hospitalized. The trial court consented to withhold ruling on the motion until Griffin's deposition could be taken and considered as evidence. Movant was given to November 23, 1979–a substantial period of time–to take the deposition. Though movant's attorney and the prosecutor visited Griffin in the hospital no deposition was taken and no explanation was offered for the absence of one.

▆ The standard for determining ineffectiveness is whether counsel's performance conformed to the degree of care and skill of a reasonably competent lawyer rendering like services under similar circumstances, and whether defendant was prejudiced thereby. *Seales v. State*, 580 S.W.2d 733 (Mo.banc 1979); *accord, In the Interest of A.D.R., State v. Rone*, 603 S.W.2d 575, No. 61177 (Mo.banc 1980) (holding that the standard for evaluating the performance of appellate counsel is the same as that announced in *Seales* for trial counsel).

▆ Movant's trial counsel testified that he had made notes of all prospective witnesses supplied to him by movant and investigated each one; that Griffin's name did not appear in his notes as having been mentioned by movant. Though movant insists that he had given the name of Griffin to his counsel, the trial court is to determine the credibility of witnesses at the hearing. *Jones v. State*, 598 S.W.2d 595 (Mo.App. 1980); *Helms v. State*, 584 S.W.2d 607 (Mo. App.1979).

▆ Under the circumstances of this case, it matters not that movant's trial counsel failed to interview Griffin. The trial court determined that the movant did not show by a preponderance of the evidence that he was prejudiced by his alleged ground of ineffective assistance of counsel. On the record before us, that determination is not clearly erroneous, as there was no credible evidence that Griffin would have testified in a manner beneficial to movant despite the opportunity offered to obtain his deposition.

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.