Jimmy Dale CHAMPION,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 11746.

Missouri Court of Appeals,
Southern District,
Division Three.

Nov. 21, 1980.

James R. Reynolds and J. David Ford, Ford, Ford, Crow & Reynolds, Kennett, for movant–appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, John C. Reed, Asst. Attys. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Movant appeals from a denial, after evidentiary hearing, of his motion filed under Rule 27.26, V.A.M.R., to vacate a judgment and sentence for first degree burglary. He contends that he was denied a proper jury venire because it was not "composed of a fair cross section of the community" as it did not include a sufficient number of female jurors and that he did not knowingly and voluntarily waive his constitutional right to have such a jury. He also contends that he received "ineffective assistance of counsel" because his appointed attorney did not advise him of his right to have the jury selected from a fair cross section of the community and of his right to challenge the panel on this ground.

The facts and the points relied on here are essentially the same as were the facts and the third point relied on in *Covington v. State*, 600 S.W.2d 186, 189 (Mo.App.1980). Here, in addition, movant's counsel at the criminal trial testified that he did not want any women on the jury and that after the state took its "strikes" he "took off" the only two women left on the panel.

Movant's criminal trial, as in *Covington*, was held before the Missouri Supreme Court's decision in *State v. Duren*, 556 S.W.2d 11 (Mo. banc 1977) [overturned in *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979)], and therefore his failure to move to quash the jury panel is not excused by the exception recognized in *State v. Williams*, 595 S.W.2d 378 (Mo.

App.1980), and approved in *State v. Johnson*, 606 S.W.2d 624 (Mo. banc 1980). What we said and held in denying the third point in *Covington* is equally applicable to the contentions of movant here.

We have examined the record and find that the judgment of the trial court is based upon findings of fact which are not clearly erroneous. Rule 27.26(j), V.A.M.R. In view of our opinion and holding in *Covington* any further opinion here would have no precedential value.

The judgment is affirmed in compliance with, and pursuant to, Rule 84.16(b), V.A. M.R.

BILLINGS, P. J., and MAUS, J., concur.