Stephen G. HASLIP, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 14428.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 11, 1986.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Oct. 2, 1986.

Jon Van Arkel, Asst. Public Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Lee A. Bonine, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Presiding Judge.

Following jury trial movant was convicted of first-degree murder and sentenced to life imprisonment. His conviction was affirmed on appeal. See *State v. Haslip*, 583 S.W.2d 225 (Mo.App.1979). Movant then filed a motion under Rule 27.26, seeking to vacate that conviction. Following an evidentiary hearing, the trial court made findings of fact, conclusions of law, and entered judgment denying the motion. Movant appeals.

On appeal the review of a decision on a 27.26 motion is "limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous." Rule 27.26(j). Only when we are left with a firm conviction that a mistake has been committed are such findings clearly erroneous. *Covington v. State*, 600 S.W.2d 186, 187 (Mo.App.1980). Movant has the burden of establishing his grounds for relief by a preponderance of the evidence. Rule 27.26(f).

Movant's counsel has briefed and presented eight points for our consideration. Movant's "pro se" brief filed thereafter presents three additional points. We discuss the points in the order presented, considering first those points in the brief prepared by movant's counsel.

Point one of the brief filed by movant's counsel contends that the trial court erred because movant received ineffective assistance of counsel because his trial counsel "failed to file a timely motion for new trial, thereby precluding appellant's right to a thorough and meaningful review of all issues on appeal."

"To sustain a claim of ineffective assistance of counsel movant must establish that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; a reasonable probability being a probability sufficient to undermine confidence in the outcome." *Tatum v. State*, 693 S.W.2d 903, 904 (Mo.App.1985).

No motion for a new trial was filed by movant's trial counsel following his conviction. As indicated by the record and mentioned in this district's opinion affirming that conviction, *State v. Haslip, supra*, 583 S.W.2d at 226–227, this apparently occurred because following the verdict, movant's trial counsel no longer represented movant.

We have reviewed the record here and in the criminal case appeal and there is no

indication that the result in the trial court or here would have been different had a motion for new trial been filed. Based on the contentions raised on appeal in the criminal case and in this matter, the result would have been the same. This point is denied.

The second point presented in the brief filed by movant's counsel states:

The hearing court clearly erred in finding that there was no evidence of subornation of perjured testimony by the prosecuting attorney in that testimony deliberately elicited at trial by the state from state's witnesses Herb Weston, who stated no deal had been made for his testimony, was false; in actuality, an unrelated charge against Herb Weston was dismissed in exchange for his testimony. Said misconduct by the prosecuting attorney prejudiced appellant's rights to due process and is contrary to the state's ethical obligation to not offer false evidence.

The argument portion of the brief asserts that a charge in Greene County was to be dismissed in exchange for Weston's testimony.

■ The facts on which movant's point is premised do not exist. The record reflects that the prosecuting attorney asked whether a "deal" was made on a Newton County charge. The testimony regarding this was as follows:

Q. In addition to those convictions, Herb, you have been arrested in Newton County, haven't you?

A. Yes.

Q. You have been charged with burglary and stealing in Newton County?

A. Yes, Sir.

Q. Has that charge been dismissed?

A. No.

Q. Is there any deal that you know of to dismiss that charge?

A. No.

Q. There is no deal?

A. No.

Later during the witness' testimony he was asked about "deals" in a more general way. The transcript reveals the following:

"Q. Now, have any deals ever been offered to you in any way?

A. One.

Q. By whom?

A. Well, I don't know who offered it. It was in Greene County."

As a part of movant's case at the criminal trial, an assistant prosecuting attorney of Greene County testified that a criminal case involving Weston pending in Greene County had been continued until after Weston's testimony in the trial against movant.

The record does not show that the prosecutor brought out any false statement regarding any arrangements on charges against Weston. This point is denied.

■ In the third point stated in the brief filed by movant's attorney, movant asserts that he was denied due process because evidence was admitted in the criminal trial regarding his intention to escape from jail. Assuming that this evidence was inadmissible, perhaps due to the hearsay manner in which it was presented or otherwise, it would be trial error and not of sufficient significance to be now raised in a motion to vacate the conviction. See Rule 27.26(b)(3).

It is sometimes difficult to distinguish "mere trial errors" from "trial errors affecting constitutional rights" as the magnitude of the error may be the factor which controls. *Covington v. State*, supra, 600 S.W.2d at 188. An issue which could have been raised on appeal, even though a constitutional claim, should only be allowed in a post-conviction motion in rare and exceptional circumstances when required by fundamental fairness. *Id.* Fundamental fairness does not require this issue to be raised here. This point is denied.

In the fourth point presented in the brief filed by movant's counsel, it is stated that movant did not receive effective assistance of counsel as his trial counsel in the criminal matter failed to fully investigate a potential alibi defense.

■ The record does not support this contention. To show ineffective assistance of counsel in failing to interview witnesses or otherwise investigate, it must be shown that such reasonable efforts would have aided movant's position. *Remington v. State*, 682 S.W.2d 177, 179 (Mo.App.1984). The record does not establish that an investigation into the alibi defense would have aided movant's defense. This point is denied.

■ Point five contained in the brief filed by movant's counsel states that movant was denied due process because the verdict directing instruction was erroneous. Ordinarily, instructional error is not properly raised in 27.26 motions and labeling it as constitutional error does not change that. *Worthon v. State*, 649 S.W.2d 577, 578 (Mo.App.1983). If error existed in the instruction, and we find none, it was trial error which cannot now be raised. This point is denied.

In the sixth point presented in the brief filed by movant's counsel, movant contends that his counsel was ineffective in failing to object to the selections of additional venire persons by the Newton County Sheriff. Movant relies on such cases as *Anderson v. Frey*, 715 F.2d 1304 (8th Cir.1983), cert. denied, 464 U.S. 1057, 104 S.Ct. 739, 79 L.Ed.2d 198 (1984); *Riley v. Wyrick*, 712 F.2d 382 (8th Cir.1983); *Henson v. Wyrick*, 634 F.2d 1080 (8th Cir.1980), cert. denied, 450 U.S. 958, 101 S.Ct. 1417, 67 L.Ed.2d 383 (1982).

Movant's pro se brief is inconsistent with this point. There, movant concedes that as his criminal trial was held before the decision in *Henson v. Wyrick, supra*, his "[c]ounsel could reasonably rely on those [prior] rulings", holding that having the sheriff select additional veniremen was proper.

The record does not establish how four persons who had not originally appeared were selected to become a part of the panel from which the jury was selected. The record shows that the judge ordered the clerk to get four more persons, that the clerk did not secure them, that the sheriff ordinarily got additional venire persons, and, based on the sheriff's testimony, what the sheriff, if he had made the selections, would ordinarily have done.

■ Absent a specific showing of prejudice regarding the jury selection process, which must include more than bare allegations, movant is not entitled to relief based on a claim of improper jury selection or ineffective assistance of counsel in failing to object to the jury selection process. *McGrath v. State*, 671 S.W.2d 420, 422–23 (Mo.App.1984). Compare also *State v. Perno*, 23 S.W.2d 87, 89 (Mo.1929); *State v. King*, 702 S.W.2d 118, 120 (Mo.App.1985); *State v. Dowell*, 675 S.W.2d 875, 880–881 (Mo.App.1984); *Smith v. State*, 684 S.W.2d 520, 522 (Mo.App.1984); *Benson v. State*, 611 S.W.2d 538, 543–546 (Mo.App.1980). No prejudice having been established regarding jury selection, this point is denied.

The seventh point stated in the brief filed by movant's counsel states that the trial court erred in failing to make adequate findings of fact relating to his claim that out of court statements of movant were improperly admitted in the criminal trial because there was no proof of the corpus delicti. Assuming that the trial court's finding on this point was in error, the result reached was correct. Even should we not agree with the trial court's basis, if the trial court's judgment may properly be sustained on other grounds, the judgment should be affirmed. *Sinclair v. State*, 708 S.W.2d 333, 336 (Mo.App.1986).

■ There was no dispute that a man was shot and killed. Once evidence other than a defendant's confession shows that a crime was committed, then defendant's confession is admissible. *State v. Hankins*, 599 S.W.2d 950, 953 (Mo.App.1980). Establishment of the identity of the defendant as the guilty party is not required before a confession is admitted in evidence. *Id.* The statements here were admissible. The point is denied.

In the remaining point in the brief filed by movant's counsel it is contended that the trial judge should have disqualified be-

cause in effect he became a witness on behalf of the state. Apparently movant is now complaining about the court's findings based upon examining voter registration records after the hearing on movant's motion. Near the conclusion of the hearing movant's counsel referred to the judge examining them.

Apparently movant is also complaining of the trial judge's statement in his findings that he knew that the additional venire persons who appeared for voir dire, after the trial judge asked for four more members, were all well and living in Newton County at all times since movant's trial. None were called to testify.

■ We see no merit to the contentions under this point. It appears to have been agreed, or at least contemplated, without objection, that the trial court would examine the voter registration records. We do not see how movant was prejudiced by the court's knowledge of the status of the added venire persons or of his reciting of that knowledge in his findings. It merely emphasized what was apparent from the hearing, that no specific evidence regarding their selection was presented. This point is denied.

In movant's first point in his pro se brief, he states that all claims raised by his counsel "are raised individually and collectively under the flags of the 5th, 6th, and 14th amendments to the United States Constitution." As stated above, we found no merit to the contentions in the brief filed for movant by his counsel. As we also observed above, denominating an issue as one with constitutional significance does not make it so. This point is denied.

Movant's second point in his pro se brief states:

Appellant's trial being held before the condemnation of the extra juror selection procedures in Missouri, should this court or any court condemn counsel when the law was not clear, unsettled, and novel, so that there was no deliberate and intentional by-pass of orderly state procedure, and that the court should award a new trial as a matter of constitutional right,

because the sheriff that testified for the state, conducted the investigation, went into the local streets and selected extra jurors from among his acquaintances, all to the prejudices of the appellant and warranting a new trial.

As previously stated, the record does not establish how the additional venire persons were selected and movant has not established prejudice due to their selection. This point is denied.

Movant's remaining point is the assertion in his pro se brief that he was entitled to relief on his motion because counsel was ineffective in not allowing him to testify in the criminal trial when he wanted to testify. The record of the trial transcript reveals that the following occurred out of the hearing of the jury:

[MOVANT'S COUNSEL] Your Honor, if the Court please, I have discussed the possibility of my client taking the stand with him prior to the time the defense rested. It's his case and he indicated that he did not desire to take the stand to testify, that was his decision, and I did agree with him, is that correct?

THE COURT: Mr. Haslip, you have heard the pronouncement made by your attorney. Is this a correct statement?

MR. HASLIP: Yes, Sir, it is.

THE COURT: And he has advised that you have the right to take the stand if you so desire, and that you also have the right not to take the stand, and if you do not, the State cannot comment on your failure to take the stand. If you do take the stand, of course, you will be subject to cross examination by the Prosecuting Attorney. He might also in that regard attempt to impeach you by showing any prior convictions you might have.

MR. HASLIP: Yes.

THE COURT: Has your attorney gone over all of that with you?

MR. HASLIP: Yes.

THE COURT: Realizing that, you have elected not to take the stand and testify in your own behalf?

MR. HASLIP: Yes, Sir.

■ Of course, the quoted portions above are at odds with movant's present contention·that he wanted to testify. Even had he wished to do so, as a prior conviction might have been revealed in cross-examination, advising movant not to testify was a matter of trial strategy. Barring exceptional circumstances, this would not be the grounds for post-conviction relief. *Hughes v. State,* 507 S.W.2d 363, 365 (Mo. 1974). No exceptional circumstances are shown here. This point is denied.

The trial judge made detailed and what appears to be carefully considered findings of fact, conclusions of law, and judgment. We find no prejudicial error in them.

The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.