David Lee SALLEE, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 14660.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 6, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 2, 1987.

Application to Transfer Denied April 14, 1987.

Steven J. Bratten, Hyder and Prenger, P.C., Jefferson City, for movant-appellant.

William L. Webster, Atty. Gen., Colly Frissell-Durley, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Presiding Judge.

Following jury trial, movant was convicted of robbery in the first degree and was sentenced to fifteen years' imprisonment. That conviction was affirmed. *State v. Sallee*, 624 S.W.2d 184 (Mo.App.1981). Thereafter, movant filed a motion seeking to vacate the conviction. Following an evidentiary hearing, the trial court made findings of fact and conclusions of law and denied the motion. Movant appeals.

■ Our review is "limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous." Rule 27.26(j). Only when we are left with a firm conviction that a mistake has occurred are such findings clearly erroneous. *Covington v. State*, 600 S.W.2d 186, 187 (Mo.App.1980). Movant has the burden of establishing his grounds for relief by a preponderance of the evidence. Rule 27.26(f).

■ On appeal, movant presents six points relied on. Point one relates to the identification of defendant, point three allowing the testimony of a witness not endorsed prior to trial, point four introduction of a photograph, and point five evidence of other crimes. These points allege "mere trial errors" which could have been raised on appeal and are not properly presented by a motion under Rule 27.26. See *Haslip v. State*, 717 S.W.2d 533, 535–536 (Mo.App. 1986).

Point two claims ineffective assistance of counsel. "To sustain a claim of ineffective assistance of counsel movant must establish that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; a reasonable probability being a probability sufficient to undermine confidence in the outcome." *Tatum v. State*, 693 S.W.2d 903, 904 (Mo.App. 1985).

■ The record does not establish ineffective assistance of counsel and there is no showing that had counsel proceeded as movant now suggests, the result of the trial would have been different.

■ In his remaining point, movant contends that the information on which he was tried was insufficient to charge him because it failed to allege that he took a sum of money, "with the intent to deprive" the owner or the possessor of the money.

Defendant was charged with robbery in the first degree under § 569.020, RSMo 1978. Referring to the definition of "forcibly steals" in § 569.010(1), RSMo 1978, which refers to "stealing" as defined in § 570.030, RSMo 1978, defendant contends

that taking the money with intent to deprive is a necessary element of robbery with which he must be charged.

The information appears to have literally followed MACH–CR 23.02. As the information followed the approved form of charge for robbery in the first degree, it was sufficient. Rule 23.01(e); *State v. Mitchell*, 689 S.W.2d 143, 145 (Mo.App. 1985).

The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.