**David L. SALLEE, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 15718.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 12, 1988.

Jim Lynn, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., for respondent.

GREENE, Judge.

In 1980, David Sallee was jury-convicted of first degree robbery and sentenced to 15 years' imprisonment as punishment for the crime. Sallee's conviction was affirmed on appeal. *State v. Sallee*, 624 S.W.2d 184 (Mo.App.1981). In 1984, Sallee filed a pro se motion to vacate his conviction. Counsel was appointed to represent him. After the original pro se motion was twice amended by counsel, an evidentiary hearing was held, following which the trial court denied the motion, which denial was affirmed on appeal. *Sallee v. State*, 726 S.W.2d 437 (Mo.App.1987). A successive pro se motion, pursuant to Rule 27.26,[1] to vacate the robbery conviction was filed by Sallee. This motion, as amended by appointed counsel, alleged ineffective assistance of trial counsel alleging that Sallee's attorney had not properly investigated the facts of the case, had failed to seek a continuance or call alibi witnesses, and had "refused to permit Movant to testify in his own defense." The amended motion also alleged the trial court erred in failing to strike the "Destructive Testimony" of identifying witness Debra Anderson, and that Sallee was denied the right to testify in his own defense in violation of his constitutional rights.

In explaining why he had not raised these matters in his 1984 motion to vacate, the amended motion stated, "Movant was in custody of the Oklahoma State Penitentiary[.] Movant had no access to Missouri State Statutes and was unschooled in the law. He was assisted by a very inept fellow inmate paralegal who was not familiar with Missouri law."

After a study of the issues and hearing arguments from counsel, the motion court,

---

1. Rule 27.26 was repealed effective January 1, 1988. Page 142, Missouri rules of Court (19th ed. 1988). The instant proceeding continues to be governed by Rule 27.26, as the sentence was pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was pending prior to January 1, 1988. Rule 29.15(m), Missouri rules of Criminal Procedure (19th ed. 1988).

without evidentiary hearing, denied the motion to vacate the robbery conviction. This appeal followed.

In his sole point relied on in this appeal, Sallee contends that the trial court erred in failing to grant an evidentiary hearing on his motion to vacate because the motion pleaded allegations which, if proved, would warrant relief, and that the law requires in such instances that an evidentiary hearing be held.

In its findings of fact and conclusions of law, the motion court concluded that all of the grounds alleged by Sallee in his second motion as reasons why his conviction should be vacated were matters of which Sallee had knowledge at the time he filed his first motion to vacate, and that failure to raise those grounds in the first motion, in which he was represented by counsel, barred him from raising them in a successive motion.

■ Our review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j), now Rule 29.15(j). In his brief filed here, Sallee acknowledges that Rule 27.26(d) (now Rule 29.15(k)) prohibits successive motions to vacate where the grounds alleged in the second motion could have been raised in the first one. The reason for the rule is to discover and adjudicate all claims for relief in one application, *Futrell v. State*, 667 S.W.2d 404, 408 (Mo. banc 1984), and to bring finality, as far as the state of Missouri is concerned, to the disposition of claims of violation of constitutional rights in criminal proceedings. In order to have a successive motion to vacate considered by the court, the movant must allege a reason or reasons which, if established by proof, would authorize a finding that he could not have previously presented those grounds. *Miller v. State*, 704 S.W.2d 719, 720 (Mo.App.1986).

■ There is nothing in the record that even remotely suggests that Sallee was unaware of the matters about which he is complaining now at the time he filed his original motion to vacate. He alleges that he lacked legal knowledge about his constitutional rights due to the fact that he was assisted in the preparation of his original motion by an inept inmate paralegal in an Oklahoma prison where Sallee was confined at the time, and that he had no means to acquire knowledge of Missouri law. Sallee conveniently overlooks the fact that after his original pro se motion was filed, a Missouri lawyer was appointed to represent him, who filed amended motions and represented him at the evidentiary hearing that followed.

The motion court found that Sallee did not meet his burden to establish that the new grounds raised in the second motion could not have been raised in the first one. That conclusion was not clearly erroneous.

The findings, conclusions, and judgment of the motion court which denied relief are affirmed.

HOLSTEIN, C.J., and CROW, P.J., concur.