Lamar Otis STREET, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 40318.

Missouri Court of Appeals,
Western District.

Jan. 10, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 28, 1989.

Lamar O. Street, Moberly, pro se.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, C.J., and BERREY and COVINGTON, JJ.

BERREY, Judge.

Lamar Otis Street appeals from the denial, after an evidentiary hearing of his Rule 27.26 [1] motion, in which he sought to vacate his conviction following a jury trial, for failure to return rented property with a value of at least $150. Section 578.150.1, RSMo 1986. Movant was sentenced to a ten-year term of imprisonment as a "persistent offender" under section 558.016.3, RSMo 1986. His conviction was affirmed on direct appeal. *State v. Street,* 732 S.W. 2d 196 (Mo.App.1987).

The judgment is affirmed.

Preliminarily it must be pointed out that appellate review of a 27.26 action is limited to a determination of whether the trial court's findings, conclusions and judgment are clearly erroneous. Rule 27.26(j). Furthermore, movant bears the burden of establishing his grounds for relief by a preponderance of the evidence. Rule 27.26(f).

In movant's first point he appears to be making a challenge to the sufficiency of the evidence supporting his conviction. Street was convicted on the charge of failure to return rental property, in this case a 12–inch hand held "Wacker" concrete saw valued at about $580. He contends that the state erred in charging and trying him as there was no evidence to support the rental of a 12–inch saw; the evidence showed the lawful rental and return of a 14–inch walk behind concrete saw.[2] He couches his complaint in language which suggests that he was denied effective assistance of counsel by the point not being briefed on direct appeal. It is unclear, however, as to what counsel he is referring to, trial counsel or appellate counsel.[3]

■ Movant's contention as to appellate counsel is without merit. The issue of ineffective assistance of appellate counsel is not cognizable by the court below under Rule 27.26. See *Hemphill v. State,* 566 S.W.2d 200 (Mo. banc 1978); *Daniels v. State,* 726 S.W.2d 445 (Mo.App.1987).

■ In any event, a challenge as to the sufficiency of the evidence is a matter for direct appeal from the judgment finding him guilty of the offense. *Hemphill v. State supra,* 566 S.W.2d at 205. *See also Ardrey v. State,* 612 S.W.2d 859 (Mo.App. 1981). Movant may not use a Rule 27.26 proceeding as a substitute for a direct appeal on the question of sufficiency of evidence. *Ardrey v. State supra,* 612 S.W.2d at 860.

It must also be noted that while the sufficiency question was not raised on direct appeal, this court did address the issue stating that, "[t]he record fully supports defendant's conviction...." *State v. Street, supra,* 732 S.W.2d at 199. Movant's Point I is denied.

Movant's Point II alleges that his trial counsel "did not formulate any trial strategy in favor of this appellate [sic] for his

---

**1.** Repealed, effective January, 1988.

**2.** For a complete description of the evidence presented at movant's trial, the reader is directed to *State v. Street,* 732 S.W.2d 196 (Mo.App. 1987).

**3.** In movant's POINTS RELIED ON section of his brief he refers to *trial* counsel as being ineffective. However, in the ARGUMENT section of the brief he complains of *appellate* counsel.

defense." He also speaks of acoustical problems in Clay County courtrooms which "would distort statements conveyed to the jury." Finally, he asserts that "there were [sic] also no evidence presented to the contrary to rebutt [sic] the allegations made by the appellate at his evidentiary hearing."

There are two components which must be met in establishing ineffective assistance of counsel:

First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). *See Sanders v. State,* 738 S.W.2d 856 (Mo. banc 1987).

Movant initially complains of trial counsel's failure to preserve many issues for appeal. In his reply brief he cites *State v. Zweifel,* 615 S.W.2d 470 (Mo.App.1981) in support of this contention. This citation is completely inapposite as *Zweifel* dealt with a claim of ineffective assistance of counsel on appeal and was initially presented through a motion to recall mandate. The court in *Zweifel* stressed that "relief should only be granted if, on the allegations, there are strong grounds to believe that counsel has failed to assert on appeal a claim of error which would have required reversal had it been asserted." *Id.* at 472. No item on Street's list of counsel's alleged errors comes even close to meeting the requirements needed for reversal on a 27.26 claim. Nor does movant cite any authority for his claims of error; he merely states what he believes to be error coupled with bold assertions that counsel was ineffective.

■ Movant complains of the introduction of the rental contract into evidence and states that a motion to suppress should have been made. Again, this argument is merely a re-hash of the sufficiency question and has already been addressed. Movant next criticizes defense counsel's efforts to impeach Ron Smith's testimony. Smith appeared as a witness for the defense as he had accompanied movant to Glad Rents, the store from which the saw was rented, on the occasion of its rental. Movant relies on a footnote in *State v. Street,* wherein this court commented on counsel's strategy in impeaching Smith, noting that "his efforts ... seem to run counter to his purpose." *State v. Street, supra,* 732 S.W.2d at 199 n. 2. In any event, the question of impeachment of a witness is one of trial technique and thus, cannot be used as a basis for any breach of duty towards movant. *Davis v. State,* 748 S.W.2d 698 (Mo. App.1988).

■ Movant claims that his counsel introduced hearsay testimony concerning a telephone call between movant and George Kracht, the co-owner of Glad Rents. The part of the call introduced by counsel was that part in which movant told Kracht that Ron Smith had the saw. This could not prejudice Street. Street also complains of the failure of counsel to object to leading questions asked by the prosecutor on redirect examination concerning the call. Again, the prejudice to Street is non-existent as any objection to the allegedly leading question would merely result in the information being elicited in another manner. Movant fails to meet his burden on this item.

Movant points out some inconsistence between Linda Kracht's testimony and George Kracht's testimony concerning the events which transpired upon the renting of the saw. Linda Kracht's testimony also was inconsistent with that of Craig Chambers, another witness for the state. Movant complains that counsel failed to object to this. Why counsel would want to object remains a mystery as Linda Kracht was a defense witness called presumably because she could offer testimony which contradicted that of the state's witnesses. The credibility of a witness is a matter for the trier of fact to determine; in this case the jury.

*State v. Clark,* 701 S.W.2d 546 (Mo.App. 1985).

Movant lists all these so-called errors in an attempt to show that his defense counsel had no plan of defense, no trial strategy. On the contrary, upon examination of the whole record, counsel did the best job he could with what he had. He cannot be faulted for failing to spin straw into gold.

■ Movant also complains of acoustical problems in the courtroom which he claims would distort statements made to the jury. These alleged acoustical problems are not a proper subject for a 27.26 action as they do not bear on an ineffective assistance claim. Furthermore, there exists no evidence that the jury failed to hear any of the testimony presented.

■ Finally, movant states that there was no evidence presented to rebut the allegations that he made at his evidentiary hearing. The motion court has the right to reject the testimony of a defendant even though there is no contradictory testimony offered. *Caldwell v. State,* 682 S.W.2d 52 (Mo.App.1984). Once again, it must be stressed that the burden of proof in a Rule 27.26 hearing is on the movant. Rule 27.-26(f). Point II is denied.

■ In Point III, movant argues that the hearing court erred in denying his motion to vacate because he was denied the use of a law library while confined in the Clay County jail and cites *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), as support for this proposition. This is not a proper subject for 27.26 relief. The issue should have been raised on direct appeal.[4] Rule 27.26(b)(3) specifically states that, "[a] proceeding under this Rule ordinarily cannot be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal."

Movant cannot bring this issue within the boundaries set merely by couching his complaint in language suggesting that counsel was ineffective in failing to preserve the issue. As previously noted, *State v. Zweifel, supra,* is inapposite.

Movant was, in fact, represented by counsel during the period of his pre-trial confinement. Movant's Point III is denied.

■ Movant's Point IV concerns what he categorizes as an "impermissible photo array." George Kracht, the co-owner of Glad Rents, was shown five photos by the Gladstone police. The police report states that this was done, "in an attempt to have him identify suspect #2 in the theft case." Kracht identified photograph #6, Ronald Smith, as having been with movant when the saw was rented. Street showed a *photocopy* of the photos to Ronald Smith's brother, Terry, who apparently didn't recognize his brother. Movant translates all of this into ineffective assistance of counsel claiming that the photo was prejudicial to him as it was intended to facilitate his identification by George Kracht and Craig Chambers in court and that counsel was ineffective in failing to object. Once again, movant's complaint is not a proper subject for a 27.26 action as it alleges what would be considered "mere trial error" which could have been raised on direct appeal. *Sallee v. State,* 726 S.W.2d 437, 438 (Mo. App.1987); *Haslip v. State,* 717 S.W.2d 533 (Mo.App.1986). It must also be pointed out that the end result of the photo array was the identification of Ronald Smith by George Kracht as movant's companion. It was undisputed that Smith was with movant at the time of the rental; Smith himself testified as to his presence. Movant's Point IV is denied.

Finally, as an endpiece in his litany of allegations, movant states that the hearing court erroneously denied him relief as he was a victim of a conspiracy between the prosecuting attorney, defense counsel, and witnesses George Kracht, Craig Chambers and Ronald Smith. He states in his reply brief that, "[a]ll circumstances relating to this conviction could not have been reached without a meeting of the minds in bad faith, of all concerned with the prosecution." The hearing judge found no evidence of conspiracy, and this determination

---

**4.** Similar claims have been raised on direct appeal. *See State v. Tyler,* 587 S.W.2d 918 (Mo. App.1979); *State v. Rollie,* 585 S.W.2d 78 (Mo. App.1979).

is not "clearly erroneous" as movant failed to meet his burden of proof, presenting no credible evidence let alone the preponderance of the evidence as required under Rule 27.26(f). Movant's Point V is denied.

The judgment is affirmed.