**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Michael Eugene HAWKINS,**
**Defendant-Appellant.**

No. 11018.

Missouri Court of Appeals,
Southern District,
Division Two.

July 18, 1979.

John D. Ashcroft, Atty. Gen., Marjorie Wholey Haines, Richard F. Engel, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

David Robards, Public Defender, Joplin, for defendant-appellant.

BILLINGS, Presiding Judge.

Defendant Michael Eugene Hawkins was convicted by a Jasper County jury of carrying a concealed weapon, a .357 pistol, and sentenced to a three-year prison term. Defendant contends the corpus delicti was not sufficiently proven by the state and it was reversible error to admit, over his objection, his uncorroborated extrajudicial statements. We agree. We reverse the judgment and order the defendant discharged.

At about 11 p. m., Policewoman Myers of the Joplin Police Department saw two males, the defendant and a juvenile, crossing a street intersection. Each was carrying a large brown grocery sack. Officer Myers lost sight of the defendant and his companion shortly after having first seen them, and wondered where they had gone. She drove her patrol car around the block, looking for the pair. She then saw the twosome walking and running between vehicles on a car lot. When Officer Myers drove her patrol car onto the lot, the boys walked toward her car. She asked them what they were doing and asked for their identification. As she was doing this, she looked to her left and saw a .22 caliber pistol lying on the ground beneath a parked car. A "back-up" officer arrived on the scene and a search of the area by this officer revealed a .357 pistol behind the rear wheel of another car which was on the other side of the car where the .22 pistol had been found. Officer Myers stated that when she first saw defendant on the car lot he was about four feet from the .22 pistol and ten or twelve feet from the location of the .357 pistol. She also testified she never observed a pistol "on the defendant or on the juvenile" and did not know from personal observation whether either of them had been carrying either weapon.

The next morning the defendant told officers that he and his companion had hidden the pistols on the lot. He said he and the juvenile had just arrived via bus from Kansas City and in response to a question "Where was your gun at?", stated: "It was in the back and I had some—I had it in my coat sometimes, put it in my sack some-times, carried it on me sometimes." Prior to the defendant's statements being received in evidence, he, unsuccessfully, objected on the ground that the state had failed to sufficiently prove the corpus delicti.

The corpus delicti means the body or substance of the crime, and the proof of it in a criminal case requires the introduction of evidence to establish the fact that the crime with which the defendant stands charged has been committed. *City of St. Louis v. Watters*, 289 S.W.2d 444 (Mo.App. 1956). And, when the corpus delicti has not been sufficiently proven, an uncorroborated extrajudicial confession of guilt cannot be regarded as evidence tending to show guilt. *Kansas City v. Verstraete*, 481 S.W.2d 615 (Mo.App.1972). While this rule does not require full proof of the body of the offense, independent of the confession, there must be evidence of corroborating circumstances independent of the confession. *Kansas City v. Verstraete*, supra. "Unless there is independent proof, either circumstantial or direct, of the essential elements of the corpus delicti, extrajudicial admissions, statements or confessions of the accused are not admissible . . . ." *State v. Summers*, 362 S.W.2d 537, 542 (Mo.1962).

One of the essential elements of the offense with which defendant was charged is the "carrying" of the .357 pistol. *State v. Cole*, 527 S.W.2d 646 (Mo.App.1975). Concealment on the person or in such close proximity to the accused so as to be under his easy and convenient control constitutes "carrying." *State v. Hall*, 508 S.W.2d 200 (Mo.App.1974).

The state attempts to support the admission of defendant's statements by arguing the corroborating evidence in this case consists of the following: the officer saw defendant and the juvenile walking across the street carrying brown paper bags; when she stopped and made inquiry of defendant and his companion on the car lot the defendant attempted to pick his brown paper bag up off the ground; the .357 pistol was found in "close proximi-

ty" to defendant; and, bullets for the .357 pistol were found in defendant's pocket.

We cannot agree with the state's position. Independent of defendant's admissions to the officers the following morning, there was *no* evidence that, prior to the time the .357 pistol was found beneath a parked car, some ten or twelve feet distant from defendant, he had been *carrying* this weapon concealed on his person or in such close proximity thereto so as to be under his easy and convenient control. He was seen carrying a brown grocery sack—which contained Christmas presents and personal belongings. He was next seen several minutes later, on a car lot, attempting to pick up the sack, when the officer arrived. Officer Myers candidly admitted she did not know if either defendant or the juvenile was carrying the .357 pistol or both weapons and did not know when the pistols had been hidden beneath the parked cars or who had placed them there.

The fact that .357 bullets were found in defendant's pocket does not support an inference that defendant was carrying a concealed weapon, the .357 pistol, prior to that time. Cases cited by the state involving a concealed weapon found in a motor vehicle occupied by a defendant are readily distinguishable.

We are of the opinion that it was reversible error to admit into evidence defendant's extrajudicial statements without sufficient independent proof of the corpus delicti from which it could be found he was *carrying* a concealed weapon.

The judgment is reversed and defendant is ordered discharged. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *State v. Basham*, 568 S.W.2d 518 (Mo. banc 1978).

HOGAN and MAUS, JJ., and KELSO, Special Judge, concur.