STATE of Missouri, Respondent,

v.

Joseph W. LARSON, Appellant.

No. WD 31941.

Missouri Court of Appeals,
Western District.

Oct. 6, 1981.

C. Keith Larson, Kansas City, for appellant.

Dale K. Miller, Pros. Atty., Savannah, for respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

NUGENT, Judge.

Joseph W. Larson appeals his conviction in a court-tried case of possession of nonintoxicating beer by a minor in violation of § 312.407, RS Mo 1978.[1] The State of Missouri filed no brief and did not appear for oral argument. We reverse the conviction.

In support of his claim for relief, Larson contends that the trial court erred (1) in permitting the sheriff to testify concerning statements made by Larson over objection that he was not advised of his constitutional rights in accordance with the requirements of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), (2) in failing to grant his motion for acquittal in that, as a matter of law, he did not possess nonintoxicating liquor, and (3) in permitting the sheriff to relate statements by Larson as evidence tending to show guilt without independent proof of the essential elements of the corpus delicti.

On the evening of October 4, 1979, the Andrew County sheriff's department was alerted to look for a red Volkswagen being operated on 71 Highway. The car's occupants were alleged to be clubbing mailboxes. Two deputies spotted a car matching the description and followed it to a drive-in restaurant. As Larson, the driver, and two other boys were getting out of the Volkswagen, Deputy Harold Erickson saw an open can of beer on the floor of the driver's side. A search of the automobile produced two more open cans of beer and three unopened cans. Deputy Erickson advised the boys that they were "going to the sheriff's office and talk to the sheriff". He rode to the office with Larson. The deputy said that because he "didn't place him under arrest"[2], he did not advise Larson of his constitutional rights.

Larson was charged with possession of intoxicating liquor, a violation of § 311.325. The Missouri Uniform Traffic Ticket issued to the defendant described the violation and included most of the relevant data identifying Larson, but omitted his birth date. At trial Sheriff Reed Miller testified that when the deputies brought the boys in he undertook an interrogation. At first he thought Larson was a juvenile, therefore, he followed his practice of treating juveniles differently because they "understand it better". Thus he gave the defendant an abbreviated version of the *Miranda* advice and warning. He advised Larson that the defendant "didn't have to [talk] if he didn't want to" and "that everything he said could be used against him . . . ." That was "about the extent of it." He did not advise the defendant that he had a right to an attorney and to have his attorney present nor that defendant could terminate the questioning at any time. Defense counsel objected to any testimony as to the statements defendant had made because of the failure of the deputy and the sheriff to advise the defendant of his rights and because the essential elements of the corpus delicti of the offense had not been shown by other evidence. The trial court overruled the objections and admitted evidence of the defendant's statements about his possession of the beer in the car and as to his age.

The evidence concerning Larson's age was somewhat confused. According to the deputy, Larson said that he was a juvenile, that he was sixteen. Defendant's objection that a defendant's statement may not be used to prove the corpus delicti and that the testimony was unresponsive were both sustained. Despite the *Miranda* and the corpus delicti objections of defense counsel to Sheriff Miller's testimony, however, evidence of defendant's statements as to his age and his date of birth was admitted.

The sheriff testified that Larson said that he was sixteen. The sheriff "verified" defendant's statement and "made out a juvenile report . . . ." Apparently, someone else later called to his attention that Larson was not a juvenile. Larson had given the sheriff the date of birth which appeared on

---

1. All sectional references herein are to Revised Statutes of Missouri, 1978.

2. The deputy conceded that he did not give defendant a choice of whether to go to the station or not and that, had Larson declined to go along, he would have arrested him.

the defendant's driver's license, and the sheriff "verified" it by reference to the license. For reasons not apparent in the record, neither the defendant's date of birth nor the driver's license made its way into evidence or the record. No other evidence of defendant's age was offered.

The trial court supported its verdict of guilty of possession of nonintoxicating liquor with findings that Larson and his two companions each had an open can of beer and that in the car were three more unopened cans. The court also found defendant to be seventeen years old and found that defendant had been properly advised of his constitutional rights. Counsel for defendant then asked the court if its decision was based "on the fact that the *Miranda* warning is not required on a misdemeanor". The court responded: "I based it on the fact he was advised, as well as the fact in my view it is not applicable and his conviction was without his testimony or his statement. That will be the finding."

█ Obviously, at trial some confusion prevailed regarding the mandate of *Miranda v. Arizona, supra.* The deputy sheriff stated that he did not advise the defendant as to his constitutional rights because he had not arrested defendant. In *Miranda* at 444, 86 S.Ct. at 1612, the Supreme Court held that custodial interrogation, "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way", is the event which gives rise to the necessity for the warning. No doubt Deputy Erickson intended significantly to deprive Larson of his freedom of action. He told the defendant that he was going to "take him . . . to talk to the sheriff". When asked what he would have done if the defendant said, "I don't want to go", the deputy responded, "I would have radioed the sheriff how I felt and placed him under arrest." Certainly, from the time the deputies accosted him, the defendant was in custody or otherwise deprived of his freedom in a significant way.

█ The trial court also ruled that *Miranda* is not applicable to misdemeanor cases. We find no Missouri authority for that broad proposition. In *State v. Neal,* 476 S.W.2d 547 (Mo. en banc 1972), the court at 552–53 specifically declined to rule whether *Miranda* was or was not applicable to "any misdemeanor case" while adopting the prevailing view that "in cases involving motor vehicle offenses" *Miranda* warnings are not required. But in *Bendelow v. United States,* 418 F.2d 42, 47 (5th Cir. 1969), the Fifth Circuit sustained a district court ruling that, when a trooper stopped a car on the highway and asked the driver, defendant, for his license and registration, no warning was required because no "in-custody" interrogation had taken place to that point in the confrontation. Nevertheless, after the police discovered an alteration in defendant's driver's license, an apparent misdemeanor under Florida law, the *Miranda* warning was in order, investigation then having focused on defendant. In this case, Larson's situation is much like Bendelow's; although charged with a misdemeanor, the charge was not a traffic offense, and the motor vehicle offense exception would have no relevance to the appropriateness of the *Miranda* warning.

█ We note a further indication of a misunderstanding of the scope of *Miranda* in the receipt of the testimony of the sheriff. Apparently, both the sheriff and the trial court believed that a juvenile is not entitled to full advice of his rights under the constitutions of the state and the United States. That is not the law. At this late date no doubt should exist as to the extension of the protection of *Miranda* to juveniles. *In Re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *State v. Olds,* 603 S.W.2d 501, 507 (Mo. en banc 1980); and *In Re K. W. B.,* 500 S.W.2d 275, 279 (Mo.App.1973). A child taken into custody in connection with the investigation of a crime must not only "be taken immediately and directly before the juvenile court or delivered to the juvenile officer", § 211.061, he must be accorded all of the rights to which he would be entitled if he were an adult, including full advice as to his consti-

tutional rights in compliance with the *Miranda* decision.

■ In such circumstances, receipt in evidence over defendant's objection of any statement he made to the deputy or to the sheriff was error.

Because the trial court may not have considered any of Larson's statements, including his statement as to his age, we review the record to determine whether the essential elements of the offense of which defendant was convicted were proved without reference to defendant's statements. Although Larson was charged with a violation of § 311.325 and the court at trial found defendant "guilty as charged", the judgment entry shows that defendant was convicted of a violation of § 312.407, that is, possession of nonintoxicating beer. Defendant does not complain of the entry of the judgment finding him guilty of the offense of possession of nonintoxicating beer rather than intoxicating liquor.

Section 312.407[3] requires proof of three elements in this case: (1) that Larson had possession of nonintoxicating beer, (2) that the beverage was nonintoxicating beer within the meaning of § 312.010–2[4], and (3) that Larson was less than twenty-one years old, but over sixteen.

The can of beer was discovered in the plain view of the deputy pursuant to a valid search. The can was on the floor of the defendant's side of the car and within his reach. Therefore, the trial court could have found that it was in his possession. *State v. Murdock*, 27 S.W.2d 730, 732 (Mo.App.1930).

The prosecution's evidence established that the can found in the Volkswagen contained beer of 4.6% alcoholic content. Defendant has at no time contested the sufficiency of that evidence to support a conviction under either § 311.325 or § 312.407, and we need not further examine that question.

The only proof offered as to the third essential element of the offense was the inadmissible testimony of the sheriff about Larson's statement that he was sixteen and his statement of his date of birth plus the sheriff's conclusion that the date of birth was "verified" by defendant's driver's license.

■ Ordinarily, evidence of an unadvised and unwarned adult defendant's statement made in response to preliminary questions of an officer of the law is not precluded by *Miranda's* mandate. Initial questioning on the street usually is not intended or designed to focus an investigation upon a person. Its purpose is to establish identity, or to make routine *policing* (as opposed to *investigating*) inquiries directed to maintenance of the public order. *State v. Hale*, 463 S.W.2d 869, 871 (Mo.1971), *State v. Bradford*, 434 S.W.2d 497, 500–01 (Mo.1968). In those countless daily situations, the totality of the circumstances normally does "not present a compelling police atmosphere with which *Miranda* was concerned." *McCrary v. State*, 529 S.W.2d 467, 475 (Mo. App.1975). The same may be said of police inquiries designed to elicit from a person already in custody mere booking information used to identify persons arrested. Examples are name, date and place of birth, address, social security number, and employment. *State v. Jordan*, 506 S.W.2d 74, 83 (Mo.App.1974). In *Jordan* the court held that a booking desk inquiry as to defendant's social security number, although it may have had some relationship to proof of his guilt "was part of the routine booking process and asked of every person subject to it." But defendant's statement of his social security number "was neither crucial

---

**3.** 312.407 provides in part that:
Any person under the age of twenty-one years ... who ... has in his possession, any nonintoxicating beer as defined in section 312.-010, is guilty of a misdemeanor.

**4.** 312.010–2 provides:
2. The phrase "nonintoxicating beer" as used in this chapter shall be construed to refer to and to mean any beer manufactured from

pure hops or pure extract of hops, and pure barley malt or other wholesome grains or cereals, and wholesome yeast, and pure water, and free from all harmful substances, preservatives and adulterants, and having an alcoholic content of more than one-half of one per cent by volume and *not* exceeding three and two-tenths per cent by weight.

to nor did it bear heavily upon the determination of [Jordan's] guilt. There was ample evidence, independent of the social security number to convict the defendant". *Id.*

The same may *not* be said of the inquiry to the defendant in this case. In the trial of this case, Larson's statements were the *only* evidence of his age and his date of birth (which itself was never specified or introduced in evidence). Thus, as the case was presented by the prosecution, defendant's statements were "crucial" and bore "heavily upon the determination of his guilt." His age was the third of the essential elements. Had Larson understood his rights and simply refused to answer as he had a right to do, the state would have had to produce other evidence of that crucial element or suffer acquittal. The state failed to do so. Sheriff Miller's mere conclusion that the unspecified date of birth defendant gave him matched the unspecified date of birth on defendant's driver's license did not constitute evidence or proof beyond a reasonable doubt. *Anderson v. Asphalt Distributing Co.*, 55 S.W.2d 688, 697 (Mo.1932) (a conclusion unaccompanied by any facts as a basis therefor, is clearly incompetent and prejudicial.)

Defendant objected that receipt of the sheriff's testimony was both a violation of *Miranda* and contrary to the rule prohibiting use of a defendant's admission to establish the corpus delicti. *State v. Summers*, 362 S.W.2d 537, 542 (Mo.1962); *State v. Hawkins*, 584 S.W.2d 640, 641 (Mo.App. 1979); *Kansas City v. Verstraete*, 481 S.W.2d 615, 617 (Mo.App.1972). The trial court should have sustained both objections and excluded all such evidence, and the prosecutor should have recognized the hazard to his case and adduced other evidence. He did not, therefore, we must reverse for failure of proof. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

Accordingly, we reverse the judgment of conviction and remand the case to the trial court with directions to enter a judgment of acquittal and to discharge the defendant.

*State v. Basham*, 568 S.W.2d 518, 521 (Mo. en banc 1980).

All concur.