**CITY OF ALBANY, Appellant,**

v.

**James Michael CRAWFORD, Respondent.**

**No. WD 55388.**

Missouri Court of Appeals,
Western District.

Nov. 24, 1998.

David Parman, Albano, for Appellant.

Scott Ross, Maryville, for Respondent.

SPINDEN, Presiding Judge.

The city of Albany appeals the circuit court's decision to suppress evidence that 19–year–old James Michael Crawford possessed beer in violation of its ordinance prohibiting anyone under the age of 21 from possessing alcoholic beverages. Because the city did not prove an essential element of the crime, we affirm the circuit court's judgment finding Crawford not guilty.

On June 13, 1997, Officer Charles E. Moore, of Albany's police department, saw Crawford driving a car in Albany. Moore wanted to talk to Crawford about a shoplifting incident, so he followed Crawford to a convenience store parking lot. Moore parked his car behind Crawford's car and asked Crawford whether he was willing to speak to him about the incident. Crawford agreed, and the two got into Moore's police car.

Moore told Crawford that he did not have to speak with him and that he was not in custody. Moore noticed an odor of alcohol coming from Crawford, and he asked him whether he had been drinking. Crawford denied drinking, but he said that he had been with other people who had been drinking. Moore asked him for permission to search his car, but Crawford refused. Moore asked whether he was refusing because he knew that an alcoholic beverage was in the vehicle, and Crawford indicated that it was.

Moore asked Crawford to perform some tests for sobriety. Crawford passed the tests. Moore said that "based upon the odor of alcohol and there being some indication of effects of alcohol upon his person, I then indicated that I would proceed with dealing with the alcohol being in his vehicle and his being in possession while under age." Moore

asked Crawford where in his car the alcoholic beverage was, and Crawford told him that it was behind the driver's seat. Moore walked up to Crawford's vehicle and, using a flashlight, saw a 24-can case of beer behind the driver's seat and another 12-bottle pack of beer on the back seat.

Moore said that until he saw the beer, Crawford was free to leave. He said that he had not arrested Crawford or advised him of his basic constitutional rights. After Moore saw the beer, he arrested Crawford and informed him of his basic constitutional rights. Authorities charged him with violating a city ordinance prohibiting persons under the age of 21 from possessing an intoxicating liquor. Crawford was convicted of the offense in municipal court, and he obtained a trial *de novo* in circuit court.

Before trial in circuit court, Crawford filed a motion to suppress from evidence any statements made by Crawford to Moore during the stop and the beer taken from Crawford's car. Crawford contended that Officer Moore had no reasonable suspicion to make an investigative stop of Crawford, that the incident about which Moore wanted to speak with Crawford was not a felony justifying a stop, and that Moore did not observe any violation of the law before stopping Crawford. Crawford alleged that any evidence obtained as a result of the illegal detention was "fruit of the poisonous tree" which had to be suppressed.

The circuit court reserved ruling on Crawford's motion until hearing evidence at trial. The city's only evidence was Moore's testimony and the beer he seized from Crawford's car. Crawford presented no evidence. The circuit court granted Crawford's motion to suppress and declared him to be not guilty. The city appeals.

■ We need not decide the points raised by the city. This is because, whether or not the city is correct in its contention that Moore's seizing beer from Crawford's car was not unlawful, the city failed to prove an essential element of the offense, Crawford's age. Proof of age is an essential element of an offense of possession of beer by a person under the age of 21. *State v. Larson*, 623 S.W.2d 69, 72 (Mo.App.1981). The only evidence of Crawford's age was Moore's testimony that Crawford told him that he was 19 years of age.

■ The state's burden is to establish all essential elements of a crime without relying on a defendant's extrajudicial admissions, statements or confessions. *State v. Summers*, 362 S.W.2d 537, 542 (Mo.1962); *State v. Cooper*, 358 Mo. 269, 214 S.W.2d 19, 20 (Mo.1948). The city did not present independent, corroborating proof of Crawford's age—not even evidence that Moore determined Crawford's date of birth from Crawford's driving license. This was insufficient to constitute proof beyond a reasonable doubt. *Larson*, 623 S.W.2d at 73.

The city argues that, because Crawford did not object to Moore's statement, we should not consider his complaint that Moore's statement was improperly admitted. The city, however, relies on the Supreme Court's discussion in *Summers* concerning a defendant's failure to object to hearsay. *Summers* does not support the city's argument. The exception enunciated by the Supreme Court in *Summers* was for hearsay evidence independent of the defendant's statement or confession, not for hearsay which also was the defendant's statement or confession. If this were not so, the exception would swallow the rule.

The city also contends that Crawford's refusing to allow Moore to search his car and his admitting that the reason for his refusal was the beer's being in his vehicle were independent corroboration of Crawford's age. The city, citing *State v. Garrett*, 829 S.W.2d 622 (Mo.App.1992), argues that "only slight corroborating facts" are necessary to prove an element of an offense. The *Garrett* court said:

> If there is evidence of corroborating circumstances which tends to prove the crime and corresponds with circumstances related in defendant's confession, both the circumstances and the confession may be considered in determining whether the corpus delicti is sufficiently proved.... If a confession is made, which enables the state to discover corroborating evidence of the particular crime confessed, the corroborating

evidence need not be sufficient, independent of the confession, to establish complete proof that the crime is committed. *Id.* at 626. The city reasons that the only inference suggested by Crawford's refusing to let Moore search his car was that Crawford feared that Moore would find the beer and the only reason he would fear this was his being under the age of 21. While logical, it is not the only logical inference and was not, therefore, sufficient to constitute independent, corroborating evidence.

Hence, even if the city is correct that the circuit court erred in suppressing Crawford's statements and the beer, the error was of no consequence because the city did not meet its burden of proving the essential elements of the charge. We affirm the circuit court's judgment.

ROBERT G. ULRICH, Judge, and EDWIN H. SMITH, Judge, concur.