STATE of Missouri, Respondent,

v.

Travis EDGAR, Appellant.

No. WD 56235.

Missouri Court of Appeals,
Western District.

Oct. 5, 1999.

Amy M. Bartholow, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

PAUL M. SPINDEN, Judge.

Travis Edgar appeals the circuit court's judgment convicting him of possessing ephedrine with the intent to manufacture methamphetamine. He asserts that the circuit court erred in denying his motion for judgment of acquittal because the evidence was not sufficient to support the jury's verdict. He also complains that the statute under which he was convicted is so overly broad that it is unconstitutional because it punishes crimes of mere thought. We affirm the circuit court's judgment.

The facts are not in dispute. On December 18, 1997, employees at two Jefferson City stores saw Travis Edgar and three friends steal five packages of Actifed from store shelves. They summoned police who searched the car in which Edgar was riding, and they found 16 boxes of Actifed, three boxes of its generic equivalent and four lithium batteries. The police arrested Edgar.

Advised of his basic constitutional rights, Edgar agreed to talk to Sterling Infield, a Jefferson City police officer. During the interview, Edgar asked Infield, "You know what's going on?" Infield responded that he believed they were "getting a recipe together to make metham-phetamines." Edgar replied, "[Y]es, that's correct." Edgar continued by telling Infield that a man named James Crump recruited the group to obtain ingredients for him to use in manufacturing methamphetamine. At Infield's request, Edgar went to Crump's house with a recording device. At trial, Infield testified that Crump told Edgar to "come back with the product and get more." Other testimony established that the Actifed tested positive for the presence of pseudoephedrine, which was one of three ingredients necessary to manufacture methamphetamine using the lithium metal reduction process. Edgar offered no evidence in his defense.

A jury found him guilty of two misdemeanor counts of stealing and one count of possessing ephedrine with the intent to manufacture methamphetamine, pursuant to § 195.246, RSMo Supp.1998. On August 11, 1998, the circuit court sentenced Edgar to five years in prison for the felony conviction and two concurrent one-year terms for the misdemeanor convictions. Edgar appeals the felony conviction.

When we review a challenge to the sufficiency of the evidence in a criminal case, we determine whether the evidence was sufficient to allow a reasonable jury to find the defendant guilty beyond a reasonable doubt. *State v. Smith,* 944 S.W.2d 901, 916 (Mo. banc), *cert. denied,* —— U.S. ——, 118 S.Ct. 377, 139 L.Ed.2d 294 (1997). We view the evidence and its reasonable inferences in the light most favorable to the jury's verdict, and we disregard any contrary evidence and inferences. *Id.*

Edgar first asserts that the evidence was not sufficient to convict him of possessing ephedrine with the intent to manufacture methamphetamine. Under a theory of accomplice liability, the prosecution had to prove that Edgar, (1) acting with others, possessed pseudoephedrine, its salts, optical isomers and salts of optical isomers, (2) intending for it to be used to manufacture methamphetamine or any of its analogs, and (3) acting with the purpose of promoting or furthering the offense by

acting with or aiding others in committing the offense. *See* §§ 562.041, RSMo 1994; 195.246. Edgar argues that the doctrine of *corpus delicti* mandates that the prosecution establish all of these elements without relying on his admission to Infield, and that the prosecutor failed to meet this burden.

■ *Corpus delicti* is the foundation of a crime, and it entails proof of a loss or injury brought about by criminal agency. *State v. Hammons,* 964 S.W.2d 509, 512 (Mo.App.1998). Proof of a specific defendant's criminal agency is not required; the state's burden is to prove that someone committed the specific crime. *State v. Trujillo,* 869 S.W.2d 844, 846 (Mo.App. 1994). Whether Edgar himself intended to manufacture methamphetamine is immaterial. The law imputes to him the criminal agency of his accomplices. A person who acts with another with a common intent and purpose in the commission of a crime is guilty, whether he is a principal or merely aids and abets the crime. *State v. Isa,* 850 S.W.2d 876, 898 (Mo. banc 1993).

■ *Corpus delicti* does not require full proof of the offense independent of the extrajudicial statement. "On the contrary, what seemed to be only slight corroborating facts have been held sufficient." *State v. McQuinn,* 361 Mo. 631, 235 S.W.2d 396, 397 (1951). Corroborating evidence obtained as a result of the confession need not be sufficient, independent of the confession, to establish complete proof. *State v. Goodwin* 352 S.W.2d 614, 621 (Mo. banc), *cert. denied,* 371 U.S. 915, 83 S.Ct. 262, 9 L.Ed.2d 174 (1962) (quoting *State v. Morro,* 313 Mo. 98, 281 S.W. 720, 722 (1926)). The state, therefore, may rely on the confession and evidence corroborating it, even evidence resulting from the confession, to prove the *corpus delicti.*

■ The evidence corroborating Edgar's confession was sufficient to allow admission of the confession to prove the *corpus delicti.* Possession of the pseudoephedrine and batteries supported Edgar's claim that Crump sent the group to obtain ingredients needed to manufacture methamphetamine. The large quantity of pseudoephedrine, 19 packages in all, validated the statement that Edgar, or those he acted with, intended to use the pseudoephedrine to make methamphetamine. The evidence that Edgar knew Crump and the evidence from the recorded conversation at Crump's regarding the "product" the group was to supply corroborated Edgar's admission that they were getting the ingredients together to make methamphetamine. These facts, taken with the confession, established the *corpus delicti,* so the confession was admissible to prove Edgar's guilt. The evidence, viewed from the light most favorable to the verdict, was sufficient to support the jury's verdict.

Edgar relies on *City of Albany v. Crawford,* 979 S.W.2d 574 (Mo.App.1998), to assert that the confession was inadmissible to prove the *corpus delicti.* In that case, the court reversed Crawford's conviction because the city did not present any evidence to corroborate his admission that he was under the age of 21, and proof of age was necessary to convict Crawford. The city argued that Crawford's refusal to allow the police to search his car was corroborating evidence that he was under age. The court reasoned that, because many explanations other than his being under age could have caused Crawford to refuse the request for a search, his refusal was not sufficiently corroborating to permit the state to rely strictly on his confession to satisfy the age element. *Id.* at 576. In Edgar's case, the state submitted evidence that corroborated Edgar's admission. *Crawford* does not aid Edgar.

■ Edgar next argues that § 195.246 is so broad that it violates his constitutional rights. He argues that it punishes him for the content of his thoughts. Because Edgar did not raise his constitutional objection at the earliest opportunity, he waived the issue. *State v. Mackey,* 259 S.W. 430 (Mo.1924); *State v. Cox,* 259 S.W. 1041 (Mo.1924). He first raised the issue in a motion for judgment of acquittal after the jury's verdict. This was too late.

Edgar asks us, however, to review the matter as plain error under Rule 29.12(b). The Supreme Court has defined plain error as error that, on its face, gives an appellate court substantial grounds for believing that manifest injustice has resulted from the error. *State v. Brown,* 902 S.W.2d 278, 284 (Mo. banc 1995), *cert. denied,* 516 U.S. 1031, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995). Edgar's constitutional claim does not present such a claim because the statute, on its face, does not punish crimes of mere thought. To the contrary, the statute punishes only conduct done to fulfill an intention to manufacture methamphetamine. The "intent" element of § 195.246 protects against the prosecution of those who incidentally possess an ingredient of methamphetamine that is common to many over-the-counter medications.

A crime generally consists of two elements: the physical, wrongful deed, or *actus reus,* and the guilty mind that produces the act, or *mens rea.* *State v. Roberts,* 948 S.W.2d 577, 587, (Mo. banc 1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 711, 139 L.Ed.2d 652 (1998). The state charged Edgar with possessing ingredients of methamphetamine with the intent or purpose that they would be used to manufacture methamphetamine. He could have intended to aid in manufacturing methamphetamine for months before stealing the Actifed without being criminally liable. The crime was not consummated until the moment he possessed the pseudoephedrine in the Actifed for the purpose of giving it to Crump to make methamphetamine. We, therefore, deny plain error review of the constitutionality of § 195.246.

For these reasons, we affirm the circuit court's judgment.

PATRICIA BRECKENRIDGE, Presiding Judge, and JAMES M. SMART, Judge, concur.