STATE of Missouri, Respondent,

v.

Robert E. CRAWFORD, Appellant.

No. 23530.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 29, 2000.

Ellen H. Flottman, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

BARNEY, Chief Judge.

Appellant, Robert E. Crawford, ("Appellant") was convicted of the Class C felony of statutory rape in the second degree, § 566.034, RSMo 1994, following a jury trial in the Circuit Court of Jasper County, Missouri.[1] He was sentenced to four years imprisonment. Appellant now raises two points of trial court error, discussed below. We affirm.

■■■■ Viewed in the light most favorable to the verdict, *State v. Culbertson*, 999 S.W.2d 732, 733 (Mo.App.1999), the record shows that the victim, K.R., a 15-year-old girl and neighbor of Appellant, visited Appellant's home in February of 1999. She was asked by Appellant to join him in his bedroom where Appellant then disrobed. K.R. proceeded to disrobe also and the two engaged in oral and vaginal sexual intercourse. K.R. also testified that she and Appellant engaged in sexual intercourse a second time in February of 1999. On May 24, 1999, K.R. contacted the department of Family Services to report the incidents of sexual intercourse involving Appellant. A social worker contacted Detective Darren Gallup of the Joplin Police Department regarding K.R.'s allegations. Detective Gallup contacted K.R.'s father discussing a plan whereby K.R.'s father would arrange a taped telephone conversation with Appellant, hoping Appellant would make incriminating statements. However, K.R.'s father declined to participate in the scheme. Detective Gallup went to Appellant's home to speak with Appellant regarding his purported involvement with K.R. Detective Gallup then arrested Appellant and took him to the police department where Appellant informed Detective Gallup that Appellant had been born on August 24, 1949, and during a videotaped interview he confessed to having sexual intercourse with K.R.[2]

At trial, Appellant did not take the stand. Detective Gallup testified as to Appellant's confession at the police station regarding having sexual intercourse with K.R., and testified that Appellant had given him a statement as to his age, i.e., 49 years. The jury was then allowed to watch a videotape of Appellant's confession.

---

1. Section 566.034.1, RSMo 1994 reads as follows:

 A person commits the crime of statutory rape in the second degree if being twenty-one years of age or older, he has sexual intercourse with another person who is less than seventeen years of age.

2. Appellant gave his age in connection with Detective Gallup filling out an advice of rights form. In response to Detective Gallup's question as to his date of birth, Appel-

lant stated, "8–24 of '49," which Detective Gallup acknowledged, at trial, as being 1949. We observe that " 'Out-of-court statements of a defendant in a criminal case relevant to a material issue are admissions.' " *State v. Evans*, 992 S.W.2d 275, 285 (Mo.App.1999) (quoting *State v. Davis*, 877 S.W.2d 669, 677 (Mo.App.1994)). "[A] statement need not be an express acknowledgement of guilt to qualify as an admission." *Id.* Further, "[f]ull proof of the corpus delicti need not be independent of the admission." *Id.*

In his first point of trial court error, Appellant contends that the state had failed to prove him guilty of the crime of statutory rape in the second degree beyond a reasonable doubt because the state failed to prove Appellant's age "without reference to [Appellant's pre-trial video-taped] statement as to his age, which was inadmissible for this purpose, since the corpus delicti ... had not been established." Appellant argues that absent independent proof, circumstantial or direct, of the essential elements of the *corpus delicti*, no extrajudicial admissions or confessions made by him, were admissible in evidence at trial. *State v. Summers*, 362 S.W.2d 537, 542 (Mo.1962). He reasons that since statements as to his age were improperly admitted at trial there was insufficient evidence presented at trial to sustain his conviction.

As support for the foregoing proposition, Appellant also refers this Court to *City of Albany v. Crawford*, 979 S.W.2d 574 (Mo. App.1998), involving a 19–year–old man who was charged and found guilty of violating a city ordinance prohibiting persons under the age of 21 from possessing intoxicating liquor. In reversing Crawford's conviction, a panel of the Western District of this Court determined that "[p]roof of age is an essential element of an offense of possession of beer by a person under the age of 21." *Id.* at 575. The Court reasoned that the city had not presented independent, corroborating proof of defendant Crawford's date of birth, since the only evidence of defendant Crawford's age was the arresting officer's testimony that defendant Crawford had told him that he was 19 years of age. *Id.* The Court determined that this statement was insufficient to demonstrate the age of the defendant. *Id.*

We note that an issue as to the *corpus delicti* rule is distinguishable from an issue as to the sufficiency of the evidence, although they may overlap.[3] The *corpus delicti* rule deals specifically with whether a defendant's confession of guilt may be considered substantive evidence of guilt. *Culbertson*, 999 S.W.2d at 736. "Generally, the State must prove the commission of a crime with evidence independent of a confession of the accused." *Id.* "The *corpus delicti* of a crime is established by proving that the crime charged was committed by someone." *Id.* "Once evidence other than the defendant's confession shows that a crime was committed by someone, then defendant's confession is admissible." *State v. Hankins*, 599 S.W.2d 950, 953 (Mo.App.1980)(affirming a judgment of conviction for the statutory rape of a 12–year–old girl). Furthermore, "[e]stablishment of the identity of the defendant as the guilty party is not required before a confession is admitted in evidence." *Id.* While the *corpus delicti* may not be presumed, and the burden is upon the state to prove the *corpus delicti*, the state may provide the *corpus delicti* of a crime through direct or circumstantial evidence. *Culbertson*, 999 S.W.2d at 736. Proof of the *corpus delicti* and an admission can be considered together and the sum of the two can go to prove the essential elements of the crime. *Evans*, 992 S.W.2d at 285. "Only slight corroborating facts are sufficient to establish the corpus delicti." *Id.*

In the instant matter, unlike *City of Albany v. Crawford, supra,* there was ample evidence corroborating Appellant's confession. The victim called the "hotline" at the Division of Family Services and factually reported incidents of sexual intercourse with Appellant during the month of February 1999, the same month her mother had died. She repeated

**3.** In both his point relied on and its attendant argument, Appellant makes reference to the state's failure to establish the *corpus delicti* that a crime of statutory rape occurred and also argues that the evidence is inadequate to show that he committed the offense charged. In our review, we address both issues. *See State v. Duvall*, 787 S.W.2d 798, 800 (Mo.App. 1990); *see also Culbertson*, 999 S.W.2d at 736.

these same facts at trial. The state also expressly proved that the victim was 15–years–old at the time of the sexual intercourse, having been born on July 5, 1983.

 Appellant's videotaped confession, which was shown to the jury, also corroborates Appellant's confession that he was over 21 years of age. Unlike the factual scenario found in *City of Albany*—involving a 19–year–old man, an age very close to his age of majority—the fact that the jury could view Appellant's appearance on the videotape and observe that he was at least 21 years of age corroborates Appellant's confession of his age.[4] The foregoing, in conjunction with his statement admitting his age as 49 and his confession made to Detective Gallup of having sexual intercourse with K.R., supports the proposition that the *corpus delicti* was established. "If the evidence shows corroborating circumstances which tend to prove the corpus delicti and correspond with circumstances related in the confession, both the circumstances and the confession are considered in determining whether the corpus delicti is proven." *Hankins*, 599 S.W.2d at 953–54. Based on the foregoing, Appellant's statement of his age was properly admitted and sufficient evidence was presented from which a reasonable jury could find Appellant guilty beyond a reasonable doubt. *State v. Smith*, 944 S.W.2d 901, 916 (Mo. banc 1997); *see also Culbertson*, 999 S.W.2d at 736. Point denied.

 In his second point, citing *State v. Seiter*, 949 S.W.2d 218 (Mo.App.1997), Appellant maintains that the trial court erred when—in the course of Appellant's closing argument—the trial court sustained the

state's objection when Appellant sought to draw an adverse inference from the state's failure to call K.R.'s father.[5] Appellant maintains where a witness at trial could reasonably be expected to testify in the State's favor, the defendant may comment on the state's failure to do so. While we agree that this is generally a correct statement of the law, we find no merit in Appellant's point.

 Trial courts have broad discretion in the control of closing arguments. *State v. Barton*, 936 S.W.2d 781, 783 (Mo. banc 1996); *State v. Anderson*, 867 S.W.2d 571, 576 (Mo.App.1993). Unless it clearly appears that the trial court abused its discretion its rulings will not be disturbed on appeal. *State v.. Walton*, 920 S.W.2d 585, 587 (Mo.App.1996). This discretion is abused when a ruling is "clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *State v. Brown*, 939 S.W.2d 882, 883 (Mo. banc 1997)(quoting *Shirrell v. Missouri Edison Co.*, 535 S.W.2d 446, 448 (Mo. banc 1976)). "[I]f reasonable persons can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." *Id.* at 883–84.

 "Where a witness is equally available to both parties or unavailable to either party, the trial court should not permit counsel to argue to the jury during closing argument that an adverse inference arises from the state's failure to call the witness." *Anderson*, 867 S.W.2d at 576. "Only when the missing witness is

4. The videotape of Appellant's confession was not included in the record on appeal. Parties seeking to reverse the trial court on appeal have the obligation to make a record demonstrating the error. *State v. Naucke*, 829 S.W.2d 445 460 (Mo. banc 1992). Since Appellant failed to include the videotape even though it was admitted into evidence and played for the jury, " 'the intendment and content of the exhibit will be taken as favorable to the trial court's ruling and as unfavor-

able to [Appellant].' " *State v. Mitchell*, 2 S.W.3d 123, 126 n. 2 (Mo.App.1999)(quoting *State v. Creech*, 983 S.W.2d 169, 171 (Mo.App. 1998)).

5. Appellant was attempting to show that the father rejected Detective Gallup's request to tape record conversations between the father and Appellant in an attempt to obtain incriminating statements from Appellant.

'peculiarly available' to one party should the court consider whether the party's failure to call the witness supports the inference that the witness could have testified adversely to that party if called." *Id.*[6] " 'Equally available' means more than merely being susceptible to service of process and is determined by consideration of the following three factors: (1) one party's superior ability to know or identify the witness; (2) the nature of the testimony expected to be given by the witness; and (3) a relationship between a party and the witness which indicates a likelihood that the witness would testify more favorably for one party than the other." *Id.*

▮▮▮ Here, we fail to discern how K.R.'s father was "peculiarly available" to the state. Appellant was well aware of K.R.'s father because he and K.R. had stayed with Appellant during a period of time that K.R. and her father had no place to live. Furthermore, the record shows that K.R.'s father had been subpoenaed by Appellant to appear at trial and was endorsed as a witness by the state, however, neither party called K.R.'s father to the stand. Additionally, Appellant does not maintain that K.R.'s father would be expected to corroborate his daughter's testimony because the record shows that he was not present during the incidents nor in our review of the record can we discern that he had any knowledge that would have exonerated Appellant. While given the underlying charges in the instant matter, a father may be more likely to testify in favor of a daughter, it does not necessarily follow that a family relationship automatically gives rise to a judicial inference that a family member is more likely to testify favorably for another family member. *See State v. Chunn,* 784 S.W.2d 228, 231 (Mo.App.1989); *see State v. Gil-*

*more,* 661 S.W.2d 519, 522–23 (Mo. banc 1983).

▮▮▮ In either event, Appellant was not prejudiced by the trial court's actions in sustaining the state's objection as set out, *supra.* "On direct appeal we review the trial court 'for prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial.' " *State v. Clayton,* 995 S.W.2d 468, 474 (Mo. banc 1999)(quoting *State v. Morrow,* 968 S.W.2d 100, 106 (Mo. banc 1998), *cert. denied,* 525 U.S. 896, 119 S.Ct. 222, 142 L.Ed.2d 182 (1998)). Here Appellant was given ample opportunity to bring before the jury the testimony of Detective Gallup that K.R.'s father had refused to be involved in a scheme to get Appellant to make incriminatory statements. Although the trial court sustained the state's objection to Appellant's arguments relating to K.R.'s father's refusal to engage in the scheme, the following remarks made by Appellant's counsel were heard by the jury and were never stricken from the record, to-wit:

> Detective Gallup's first desire was that he wanted to get [K.R.] and her dad to call Mr. Crawford up on the phone, try to get them to have some kind of a conversation in which they would make an effort for Mr. Crawford to somehow say that he had committed this crime. And he didn't want to do that. I guess nobody asked him whether [K.R.] wanted to do that or not, but he said he didn't do it because [K.R.'s] father, ... didn't want that done.... First of all, these—you've heard that [K.R.] and [her father] were living there in the house with Mr. Crawford. Where is [K.R.'s father]? You didn't hear anything from him today. You'd have to assume that his testimony would be most available to the state. It's his daughter. You'd

---

**6.** However, the "state's arguing an adverse inference in closing argument because a *defendant* failed to call a specific witness to testify is improper, generally." *State v. Hopkins,* 947 S.W.2d 826, 829 (Mo.App.1997)(emphasis added); *State v. Crump,* 875 S.W.2d 241, 242 (Mo.App.1994). "An exception to this general 'missing witness rule' arises when a *defendant* fails to call a 'peculiarly available' witness reasonably expected to testify in the defendant's favor." *Hopkins,* 947 S.W.2d at 829(emphasis added).

have to assume that it would be favorable to the state. We didn't hear from him.

[state's counsel]: Objection, Judge.

[trial court]: Objection will be sustained.

Thus, we fail to see how the trial court either abused its discretion or created prejudice to Appellant by limiting Appellant's closing argument in this respect. Point denied.

The judgment is affirmed.

PREWITT and CROW, JJ., concur.