### Steve CHIPMAN, Jr., Movant–Appellant,

v.

### STATE of Missouri, Respondent–Respondent.

#### No. 28883.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 3, 2008.

---

**470**

Margaret M. Johnston, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for Respondent.

GARY W. LYNCH, Chief Judge.

Steve Chipman, Jr. ("Movant") entered a plea of guilty to an amended charge of second-degree murder (pursuant to section 565.021).[1] At the same time, he also entered an *Alford* plea to a charge of forcible rape (pursuant to section 565.030).[2] Both charges were brought in connection with the rape and murder of Movant's twelve-year-old cousin ("Victim").[3] Movant was sentenced to two consecutive thirty-year terms of imprisonment. Once incarcerated, Movant filed a timely *pro se* motion for post-conviction relief under Rule 24.035.[4] Counsel was appointed, and an amended motion was filed. Following an evidentiary hearing, the motion court entered judg-

---

1. References to statutes are to RSMo 2000, unless otherwise indicated.

2. *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Movant's *Alford* plea was entered based on a plea agreement with the State of Missouri. Movant was initially charged with one count each of first-degree murder, armed criminal action, forcible rape, and statutory rape. After the State filed notice of its intent to seek the death penalty and one week before his trial setting, Movant entered guilty pleas pursuant to a plea agreement under which the State dismissed the counts of first-degree murder, armed criminal action, and statutory rape, and amended the charge of first-degree murder to second-degree murder. To the charge

of forcible rape, Movant continued to insist that the sex was consensual, thus he entered an *Alford* plea.

3. Section 566.226 requires, in part, that "[a]fter August 28, 2007, any information contained in any court record, whether written or published on the Internet, that could be used to identify or locate any victim of sexual assault, domestic assault, stalking, or forcible rape shall be closed and redacted from such record prior to disclosure to the public." Therefore, we use the term "Victim" in this opinion in order to comply with this statute. No disrespect is intended.

4. References to rules are to Supreme Court Rules (2007), unless otherwise indicated.

ment denying relief. This appeal followed. We affirm.

### Movant's Claim for Post–Conviction Relief

In his amended motion, Movant contended that he was denied due process of law "in that the plea court accepted his guilty plea to murder in the second degree without a factual basis having been demonstrated for that offense, contrary to Rule 24.02(e)." Movant claimed that "[d]uring the plea hearing, the factual basis for the crime was purportedly established only by the following: *[Prosecutor] .... On August 7th of 2005 here in Stoddard County, up north of Acorn Ridge, Missouri, Mr. Chipman caused the death of [Victim]. He did so by stabbing her.*" Movant further contended that the prosecutor's description

> consists of conclusions, not facts. It is merely a citation of the charge. There was no demonstration of any evidence that movant had acted "knowingly[.]" There was no demonstration of movant's state of mind; of whether movant acted intentionally, was reckless, or otherwise. And there was no demonstration that movant was acting "with the purpose of causing serious physical injury[.]" Likewise, there was no demonstration of any evidence that movant was committing or attempting to commit a felony, or was fleeing from such. No facts were demonstrated whatsoever. A factual basis for a guilty plea must be demonstrated. It cannot be assumed.

Movant concluded that his "plea was not knowing and voluntary in that he [pleaded] guilty to a crime where no factual basis had been shown. Had the Court properly ensured that a factual basis was established for the charge before accepting the plea, it would have rejected [Movant's] guilty plea."

### Standard of Review

This court reviews a denial of post-conviction relief under Rule 24.035 to determine whether the motion court's findings and conclusions were clearly erroneous. *Weeks v. State,* 140 S.W.3d 39, 44 (Mo. banc 2004). The motion court's findings and conclusions are deemed clearly erroneous only if, after a review of the record, this Court is left with a definite and firm impression that a mistake has been made. *Id.*

### Discussion

On appeal, Movant presents one point relied on, wherein he claims that the motion court "clearly erred" in denying his motion "when it found that a factual basis existed for his guilty plea to murder in the second degree, because [Movant's] plea was unknowing and involuntary since the guilty plea record failed to establish a sufficient factual basis." Movant contends that his acknowledgment of the truth of the prosecutor's statement that he caused Victim's death "by stabbing her with a knife ... did not establish a factual basis because it is as consistent with the elements of voluntary manslaughter as it is with second degree murder." Movant challenges only his plea to the charge of murder in the second degree. He does not contest his *Alford* plea to forcible rape under count two of the amended information. Movant further asserts that he admitted only that he caused victim's death by stabbing her, and "[h]e was not asked about his mental state or his purpose when he stabbed her." This admission, he claims, fails to establish that he had the purpose of causing serious physical injury and does not establish a sufficient factual basis for second degree murder.

"A factual basis for a guilty plea is necessary to ensure that the guilty plea

was intelligently and voluntarily entered, thereby satisfying due process requirements." *State v. Henry,* 88 S.W.3d 451, 457 (Mo.App.2002) (citing *Parker v. State,* 608 S.W.2d 543, 545 (Mo.App.1980)). Rule 24.02(e) provides that "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." This rule, however, is not constitutionally mandated. *Sales v. State,* 700 S.W.2d 131, 133 (Mo.App.1985). Nor does a plea court's failure to comply with this rule render its judgment invalid for lack of jurisdiction. *Samuel v. State,* 156 S.W.3d 482, 484 (Mo.App.2005); *Waserman v. State,* 100 S.W.3d 854, 861 (Mo.App.2003); *State v. Henry,* 88 S.W.3d 451, 457 (Mo.App.2002). Rather, the purpose of Rule 24.02(e) "is to aid in the constitutionally required determination that a defendant enter a plea of guilty intelligently and voluntarily." *Schuerenberg v. State,* 98 S.W.3d 922, 923 (Mo.App.2003). Rule 24.02(e) serves as protection for "an accused who may appear to be pleading voluntarily and with an understanding of the nature of the charge, but who does so without realizing that his conduct does not actually fall within the charge." *Price v. State,* 137 S.W.3d 538, 541–42 (Mo.App. 2004). In other words, a movant's postconviction constitutional challenge to the knowingness and voluntariness of his or her guilty plea based upon an insufficient factual basis must not only prove the insufficiency of a factual basis on the record before the plea court, i.e., the lack of compliance with Rule 24.02(e), but also must demonstrate that such failure deprived him or her of the actual knowledge of the factual basis for the charge, thereby rendering his or her plea unknowing and involuntary and, thus, unconstitutional.

*Compliance with Rule 24.02(e)*

■ There is no particular ritual in establishing a factual basis for a guilty plea as required by Rule 24.02(e). *Myers v. State,* 223 S.W.3d 165, 167 (Mo.App. 2006). Further, "[n]othing in the rule requires that a factual basis be established *before* a guilty plea is accepted." *Price,* 137 S.W.3d at 542. A determination that there is a factual basis for the plea "can be made anytime before the judgment is entered and 'from anything that appears *on the record.*'" *Id.* (quoting *United States v. Adams,* 961 F.2d 505, 512 (5th Cir.1992)). *See also Martin v. State,* 187 S.W.3d 335, 339 (Mo.App.2006) ("the factual basis does not have to be established from the defendant's words or by an admission of the facts as recited by the State, as long as the basis exists on the record as a whole."). "An appellate court's focus is on whether the defendant understood the nature of the charge against him and not on whether a particular ritual was followed or every detail was explained." *Wagoner v. State,* 240 S.W.3d 159, 165 (Mo.App.2007).

■ In denying Movant's claim, the motion court, in addition to the prosecutor's summary statement of the facts supporting the murder charge, referenced a motion hearing held on November 21, 2006, two months before Movant's plea hearing, in which evidence was heard by the trial court on Movant's motions to suppress statements and evidence. The motion court notes that the transcript of that hearing was filed in the underlying criminal case just eight days later on November 29, 2006, some two months before Movant's plea hearing. This transcript was designated as Motion Court Exhibit 1 and was offered and received into evidence at the motion hearing when the motion court took judicial notice of the entire underlying criminal case file. This exhibit, however, was omitted by the Movant from the record before this court. Therefore, the content and the intendment will be taken as unfavorable to Movant and as

favorable to the motion court's ruling. *See State v. Crawford*, 32 S.W.3d 201, 206 n. 4 (Mo.App.2000).

The motion court also referenced the autopsy report admitted into evidence during the plea hearing as exhibit 3. The autopsy report indicated that Victim "died as a result of knife stab wounds of the head and back." It also found that Victim had been stabbed *thirty-four* times. The motion court found that "[t]he foregoing was sufficient to establish a factual basis[,]" in that all were part of the record and available to the plea court.

Count I of the amended information charged that Movant "committed the class A felony of murder in the second degree, ... in that on or about August 7, 2005, ... [Movant] knowingly caused the death of [victim] by stabbing her." Under section 565.021.1(1), "[a] person commits the crime of murder in the second degree if he: (1)[k]nowingly causes the death of another person or, with the purpose of causing serious physical injury to another person, causes the death of another person[.]"

Section 562.016 establishes definitions of the culpable mental states relating to the elements of conduct, result, and attendant circumstances set out in the statutes defining the offense. Defined under subsection 2, "[a] person 'acts purposely[,'] or with purpose, with respect to his conduct or to a result thereof when it is his conscious object to engage in that conduct or to cause that result." Section 562.016.2. Subsection 3 provides that "[a] person 'acts knowingly[,'] or with knowledge, (1)[w]ith respect to his conduct or to attendant circumstances when he is aware of the nature of his conduct or that those circumstances exist; or (2)[w]ith respect to a result of his conduct when he is aware that his conduct is practically certain to cause that result." Section 562.016.3.

Movant here claims that his affirmance of the accuracy of the prosecutor's statement that he caused Victim's death by stabbing her "does not establish that [Movant] had the 'purpose of causing serious physical injury' to [Victim] when he stabbed her[.]" This claim, however, ignores the fact that Movant stabbed Victim thirty-four times, as disclosed by the autopsy report admitted into evidence and in the record before the plea court. Based upon this additional fact, coupled with Movant's admission that he killed Victim by stabbing her, the plea court could reasonably infer that Movant acted with the purpose of causing Victim serious physical injury. In addition, we consider the omission from the record on appeal of the transcript of the hearing on Movant's motions to suppress statements and evidence, which was before the plea court, as supporting this inference. *See State v. Crawford*, 32 S.W.3d 201, 206 n. 4 (Mo.App. 2000). We conclude, therefore, that the record before the plea court sufficiently established a factual basis for Movant's plea of guilty to murder in the second degree, and the motion court's findings and conclusions to that effect were not clearly erroneous.

### Movant's Actual Knowledge of Factual Basis for Plea

In addition to its findings regarding the evidence in the record before the plea court, the motion court found, "Movant was present at the preliminary hearing and at the suppression hearing, and he knew the contents of his incriminating statements."

Movant's preliminary hearing was held October 28, 2005. Testifying at this hearing were several law enforcement officers who participated in the investigation of Victim's murder, including Scott Rawson, with the state highway patrol, who inter-

viewed Movant and obtained his statement that when victim threatened to tell his parents that the two had sex, he got mad, and "lost it," stabbing victim in the neck. In addition, a document authored by Movant and titled "Voluntary Letter of Apology" was admitted at Movant's preliminary hearing. This document read:

Dear Aunt Cindy,

I'm so sorry for what I did. I know nothing I say will make you understand but if I could take it back I would, if I could trade places with her I would. But I thought you should know I'm sorry for lying to everyone and I don't blame you if you hate me. But I love everyone very much. Me and [Victim] had sex at the barn after we told each other about our night. The [sic] she wanted a cigarette, I said I only had a few, then she said she would tell that we had sex, besides what's the big deal we've smoked before. But I got scared and lost it. I then got rid of my clothes and went home. Dad has nothing to do with this. I was at the field beside the house when he went hunting, then I ran through the downstairs door took a shower then went to bed.

When I lost it I stabbed her in the neck. I was so scared after that I wanted to die, but I set the hay on her and put it on fire. I finally told the police and I'm going to show them where I hid everything.

The Movant's presence at his preliminary hearing demonstrates that he had knowledge of the State's possession of his written letter to his aunt Cindy, wherein he confessed that he stabbed Victim after she threatened to "tell that we had sex" and that he burned her body in an attempt to cover up the killing. Both of these facts, in addition to the facts in the record before the plea court, would support a reasonable inference that Movant knowingly killed Victim to prevent her from disclosing that they had sex—a factual basis for a plea to second degree murder. *See* section 565.021.1(1). This knowledge, regardless of whether the plea court complied with Rule 24.02(e) or not, supports the motion court's conclusion that Movant's plea was knowingly and voluntarily made, and that conclusion is not clearly erroneous.

We need not reach the merits of Movant's contention that his affirmation of the prosecuting attorney's statement during the plea hearing, considered in isolation by itself, was as consistent with the elements of voluntary manslaughter as it was with second degree murder. This is so because the plea court had much more factual information in the record before it than just the prosecutor's statement and Movant's admission thereof—the autopsy and the transcript of the hearing on Movant's motions to suppress statements and evidence—and, regardless of any limitation on the facts that may have been before the plea court, Movant had sufficient actual knowledge of the facts to render his plea knowing and voluntary as found by the motion court. Movant's point is denied.

### *Decision*

The judgment of the motion court is affirmed.

PARRISH, J., and RAHMEYER, J.